JAMES S. GRANT v. W. H. MORRIS & SONS.

*Questions of Law and Fact—Usury—Interest.*

1. What constitutes usury is a question of law, to be determined by the court when the facts are not in dispute.

2. In the absence of a special contract as to the rate of interest, only six per cent is collectible on a debt incurred on the 6th of March, 1876.

3. The act of 1876–'77, ch. 91, § 3, which makes it a forfeiture of all interest to exact or charge usurious rates, does not apply to contracts entered into before its passage.

4. The mere entry on account and subsequent presentation of an usurious claim is not a "charging" within the meaning of that statute.

CIVIL ACTION, tried at Fall Term, 1878, of NORTHAMPTON Superior Court, before *Seymour, J.*

This action was commenced before a justice of the peace to recover the sum of one hundred and seventy-six dollars and twenty-five cents, and the defendants offered to set up a bond executed by plaintiff (and embodied in the opinion of this court) as a counter-claim, and the plaintiff replied that said bond was void, for that, on all the sums of money furnished under it, the defendants had reserved and taken more than eight per cent interest. Upon the hearing before the justice of the peace, judgment was rendered in accordance with the plaintiff's demand, and the defendants appealed to the superior court, where the case was submitted to a jury who returned a verdict in favor of the plaintiff for eleven dollars and costs, from which the plaintiff appealed, and claimed a judgment for a greater amount, as demanded in the two actions originally brought, (and consolidated by order of the judge). On the trial the plaintiff tendered the following issue: " Did defendants knowingly and corruptly take or receive interest on the money and supplies, or either, which they furnished plaintiff under the contract of March

6th, 1876, at a rate greater than eight per cent per annum? If so, what rate?" The court refused to submit the issue to the jury, for the reason, that inasmuch as the statement of the account showing the excessive charge of interest was not *rendered* or furnished plaintiff until after the repeal of chapter 86, acts of 1874–'75, to-wit, on the 21st of March, 1877, the court·would hold that the plea of usury could not avail to defeat a recovery on that account. The plaintiff excepted. There being no dispute as to the items in the account, the court instructed the jury to take one from the other, allowing defendants interest at eight per cent and render a verdict for the balance. It was agreed that the clerk might make the calculation, and in so doing, a balance of eleven dollars was found to be due the plaintiff; judgment accordingly, and appeal by plaintiff.

*Messrs. R. B. Peebles* and *W. H. Day,* for plaintiff.
*Messrs. Mullen & Moore* and *W. W. Peebles,* for defendants.

SMITH, C. J. On the 6th day of March, 1876, the plaintiff entered into a covenant with the defendants in these words:

$250. On the 1st day of January, 1877, with interest from March 6th, 1876, at the rate of eight per cent., I promise to pay to W. H. Morris & Sons the sum of two hundred and fifty dollars for advances, to be made by them to me, in money and supplies from now till the maturity of this bond. The interest at said rate is to attach at the time or times the said advances shall be made. Witness my hand and seal this 6th day of March, 1876. (Signed) J. S. Grant, [seal.] Witness, W. W. Peebles.

Between the 13th day of March and the 28th day of November of that year, advances were made by the defendants in money and goods to the amount of $366.90, a detailed account of which was rendered to the plaintiff on the 21st

day of March, 1877, and payment demanded.   There is an item therein charged of that date for interest of $38.43, making an aggregate of $405.33.   By computation it appears that interest is charged on the several items from their respective dates at the rate of twelve per cent.   There was no controversy about the account except a small sum charged for commissions not necessary to be noticed.   The plaintiff objected to the charge of interest as excessive, and offered to settle if that was corrected, which the defendants refused and thereupon proceeded to sell certain property of the plaintiff which had been conveyed to secure the advances, and brought the sum of sixty-nine dollars.

The plaintiff proposed to submit to the jury an issue involving the question of usury, which the court refused, and instructed the jury to allow the defendants interest at the rate of eight per cent on the items from the date of each, and the parties consenting that the computation should be made by the clerk, a verdict was entered in favor of the plaintiff for eleven dollars, the balance due according to his calculation.

The plaintiff excepts to the refusal of the court to submit an issue as to the alleged usury, which he contends the jury were authorized to find upon the evidence, had been charged and taken by the defendants.

1. In our opinion there is no error in this ruling.   What constitutes usury is a question of law upon facts admitted or found.   The facts in this case were not in dispute, and there was no occasion to ask for any finding by the jury.

The law regulating interest in force at the time the agreement was entered into is as follows:

" The legal rate of interest shall be six per cent per annum for such time as interest may accrue and no more; provided, however, that upon special contract in writing, signed by the party to be charged therewith, or his agent, so great

a rate as eight per cent may be allowed." Acts 1874–'75, ch. 84, § 1.

The defendants were therefore authorized to charge and collect interest on these advances at the stipulated rate, up to the limit of $250; and in the absence of any conventional interest, at the rate prescribed by law, on the excess. It was erroneous to allow the higher rate on the excess, and the counter-claim of the defendants should be reduced by the sum of the difference in those rates, whereby the balance due the plaintiff will be correspondingly increased.

2. We may not fully understand the ruling of the court, as set out in the record, that the defence of usury against the counter-claim was not open to the plaintiff, because the claim for usurious interest was not preferred until after the repeal of the act of February 22nd, 1875, and was not consequently subject to its condemnation. There are no facts stated upon which any claim to the forfeitures given in that act can be based, inasmuch as no unlawful interest has been paid by the plaintiff or received by the defendants, and no usurious stipulation is found in the contract itself. The defendants have not by the sale of the conveyed property or otherwise collected or taken as much as they were legally entitled to. Usury consists in taking more than the law allows, specifically for forbearance and giving time, or in excess of what is legally due, neither of which have the defendants done.

3. It is however suggested that the making the usurious charge inserted in the account, and the insisting on its payment, is an act falling within the denunciation of the superseding statute of February 12th, 1877, which, after repealing the former act, and re-enacting the first section in the very words, declares: "That the taking, receiving, reserving or *charging* a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note or

other evidence of debt carries with it, or which has been agreed to be paid thereon." Acts 1876–'77, ch. 91 § 3.

Aside from the objection that the terms of the contract are controlled by the then existing law and cannot be modified or changed by subsequent legislation, we do not think the mere entry of a usurious claim upon the account, as either " a taking, receiving, reserving or charging," within the · meaning of the amending act. These words imply something more to be done, to the loss or detriment of the debtor, than the mere presentation of an illegal claim which is neither recognized nor paid.

The plaintiff will have judgment according to this opinion and recover his costs.

PER CURIAM.                    Modified and affirmed.