FARMERS BANK AND TRUST COMPANY v. H. W. REDWINE, JOE RED-
WINE, VIRGINIA REDWINE AND SAM REDWINE.

(Filed 8 February, 1933.)

1. **Limitation of Actions A a—Where action to recover penalty for usury
is barred such penalty may not be set up in counterclaim.**

C. S., 442, subsection 2 bars an action to recover the penalty for usury
after the expiration of two years, and where more than two years has
elapsed from the payment of alleged usury until the institution of an
action on the debt alleged to have been tainted with usury, the defend-
ant's counterclaim for twice the amount of usury charged is barred.

2. **Same—Amendment limiting time for forfeiture of interest for usury
is prospective in effect.**

The amendment to C. S., 442 by chapter 231, Public Laws of 1931,
barring the forfeiture of all interest for usury after the lapse of two
years, is prospective in effect, and does not apply to a forfeiture of
interest for usury when such forfeiture occurred prior to the enactment
of the amendment. If the statute did affect forfeitures incurred prior
to its enactment the defendant would have a reasonable time in which to
maintain such forfeitures.

3. **Usury A b—Plaintiff held entitled to principal amount of note sued
on without interest.**

Defendant executed a note to the plaintiff, which note was renewed
from time to time, usurious interest being charged and voluntarily paid
upon the renewals. The plaintiff brought suit on the last renewal note
more than two years after the charge of usurious interest: *Held*, although

the defendant's counterclaim for the penalty for usury was barred by C. S., 442, subsection 2, the defendant was entitled to a forfeiture of the interest under C. S., 2306, but was not entitled to have the amount of interest paid applied on the principal of the note, and the plaintiff was entitled to recover the amount of the note sued on without interest.

Appeal by plaintiff from *Harding, J.,* at May Term, 1932, of Union. Modified and affirmed.

This is an action on a note which is in words and figures as follows:

"$487.58.                              Monroe, N. C., 1 November, 1929.

1 November, 1930, after date, for value received we, or either of us, promise to pay to the order of Farmers Bank and Trust Company, Monroe, N. C., four hundred eighty-seven and 58/100 dollars, negotiable and payable without offset, at Farmers Bank and Trust Company, Monroe, N. C., with interest after maturity at the rate of six per cent per annum until paid. The drawers and endorsers and all sureties hereto severally waive presentment for payment, protest, or notice of protest, and nonpayment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them.

Witness our hands and seals.              H. W. Redwine.    (Seal.)

P. O. Waxhaw, N. C.    No. 8369.    Due 11/1/30."

On the back of the note appear the following names, in writing: "Joe Redwine, Virginia Redwine, Sam Redwine."

In their answer, the defendants admit the execution and endorsement by them of the note sued on, as alleged in the complaint; they do not deny that the plaintiff is the holder of the note, nor do they allege that said note has been paid.

The defendants allege in their answer that on or about 1 April, 1926, the plaintiff loaned to the defendants a sum of money, and that in consideration of said loan, the defendants executed and endorsed a note payable to the plaintiff for the amount of said loan. They allege that from time to time the defendants executed and endorsed other notes in successive renewal of said original note, and that the note sued on in this action is the last of such renewal notes.

The defendants further allege in their answer that from time to time, as the successive renewal notes became due according to their tenor, the plaintiff before renewing the same, knowingly took, received, reserved and charged interest on said loan at a greater rate than six per cent per annum, to wit: at the rate of eight per cent. They allege that by virtue of the provisions of C. S., 2306, all interest on said loan was

forfeited, and that defendants are now entitled to recover of the plaintiff, as the statutory penalty for taking, receiving and reserving such usurious interest, twice the amount of the interest paid to plaintiff by the defendants. They further allege that the amount of such usurious interest paid by them to the plaintiff, to wit: $215.58, should be applied as a payment on the principal of the note sued on in this action.

The defendants plead as counterclaim in this action, (1) the amount of usurious interest paid by defendants to the plaintiff on the loan made to the defendants by the plaintiff on 1 April, 1926; and (2) twice the amount of such usurious interest.

The plaintiff in its reply to the further answer of the defendants, denies that plaintiff has taken, received, reserved or charged, or that the defendants have paid interest on the loan made to the defendants by the plaintiff at a greater rate than six per cent per annum. The plaintiff pleads in bar of defendants' recovery on their counterclaim as alleged in their answer, the two-year statute of limitations. C. S., 442, as amended by chapter 231, Public Laws of North Carolina, 1931.

At the trial, after evidence had been introduced by the plaintiff, it was agreed by the parties to the action:

1. That this action was begun by summons dated 16 November, 1931.

2. That the aggregate of the amounts charged by the plaintiff and paid by the defendants as interest on the loan made by the plaintiff to the defendants on 1 April, 1926, is $151.58, and that this sum is in excess of the interest on the said loan at six per cent per annum from 1 April, 1926, to 1 November, 1929.

3. That the consideration for the note sued on in this action is the amount of the loan made by the plaintiff to the defendants on 1 April, 1926, the said note being the last of the renewal notes executed and endorsed by the defendants on account of said loan.

4. That there was no agreement between the parties to this action at the date of said loan, or at the dates of the successive notes executed and endorsed by the defendants in consideration of said loan, that the original note or the renewal notes loaned should be renewed at their respective maturities.

5. That at the date of each renewal note, the amount of interest to be paid by the defendants to the plaintiff on their debt on account of said loan was agreed upon, and such amount when agreed upon was paid by the defendants to the plaintiff as interest; that no amount has been paid by the defendants to the plaintiff as interest on said loan since 1 November, 1929.

6. That there was no issue of fact between the parties to the action to be submitted to the jury, and that judgment should be rendered by the court on the facts agreed upon by the parties.

Judgment was thereupon rendered by the court that the plaintiffs recover of the defendants the sum of $336.00, with interest from the date of the judgment, and that plaintiff pay the costs of the action.

From this judgment, the plaintiff appealed to the Supreme Court.

*Gilliam Craig, John C. Sikes and Vann & Milliken for plaintiff.*
*R. B. Redwine and John M. Redwine for defendants.*

Connor, J. At the trial of this action in the Superior Court, the plaintiff moved for judgment on the facts agreed that plaintiff recover of the defendants the sum of $487.58, with interest on said sum from 1 November, 1930, and the costs of the action. This motion was denied, and plaintiff duly excepted. The plaintiff further excepted to the judgment signed by the court. On its appeal to this Court, the plaintiff contends that there was error (1) in the denial of its motion for judgment on the facts agreed, for that the forfeiture of all interest on the debt of the defendants to the plaintiff, as evidenced by the note executed and endorsed by the defendants, and sued on in this action, is barred by C. S., 442, as amended by chapter 231, Public Laws of North Carolina, 1931, and (2) in the judgment signed by the court, for that the sum of $151.58 was paid voluntarily by the defendants as interest on their debt to the plaintiff, and for that reason is not applicable as a payment on the principal of said debt.

The defendants did not except to the judgment of the Superior Court, and have not appealed therefrom to this Court. They concede that on the facts agreed, their counterclaim for twice the amount of usurious interest paid by them to the plaintiff, is barred by C. S., 442, subsection 2. The defendants' cause of action on which they base their counterclaim for the penalty for usury paid accrued more than two years before the commencement of this action. The counterclaim was barred by the statute of limitations in force at the date the cause of action accrued. C. S., 442, subsection 2.

The law applicable to the usurious transactions involved in this action, at the dates of such transactions, is found in section 2306, Consolidated Statutes of North Carolina, 1919. This statute has not been amended or altered by the General Assembly of this State, and reads as follows:

"2306. Penalty for usury: Corporate bonds may be sold below par. The taking, receiving, reserving or charging a greater rate of interest than six per centum per annum, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon, and in case a greater rate of interest has been paid, the person or his legal representatives, or corporation

by whom it has been paid, may recover back twice the amount of interest paid, in an action in the nature of action for debt. In any action brought in any court of competent jurisdiction to recover upon any such note or other evidence of debt, it is lawful for the party against whom the action is brought to plead as a counterclaim the penalty above provided for, to wit: Twice the amount of interest paid as aforesaid, and also the forfeiture of the entire interest. Nothing contained in the foregoing section, however, shall be held or construed to prohibit private corporations from paying a commission on or for the sale of their coupon bonds, nor from selling such bonds for less than the par value thereof. This section shall not apply to contracts executed prior to February twenty-first, nineteen hundred and five."

The entire interest on the debt which is the consideration of the note sued on in this action was forfeited under the provisions of the statute, when the plaintiff first charged the defendants interest on said debt at a greater rate than six per cent per annum. This forfeiture occurred prior to the date of the note, to wit: 1 November, 1929, and notwithstanding the agreement therein that the note was payable on 1 November, 1930, with interest from maturity at the rate of six per cent per annum, the debt was stripped of its interest-bearing quality. The agreement with respect to the payment of interest was void. No rights or liabilities, which are enforceable in this action, arose out of said agreement, unless as contended by the plaintiff. Chapter 231, Public Laws of North Carolina, 1931, is applicable to the forfeiture of interest on said debt under the provisions of C. S., 2306.

Chapter 231, Public Laws of North Carolina, 1931, is as follows:

*"The General Assembly of North Carolina do enact:*

Section 1. That section four hundred and forty-two of the Consolidated Statutes of North Carolina be amended by adding a new subsection number three, as follows:

'3. The forfeiture of all interest for usury.' That nothing herein shall apply to pending litigation.

Section 2. That this act shall be in force and effect from and after its ratification."

The act was ratified on 1 April, 1931. C. S., 442, as amended by the addition of subsection 3, provides that there shall be no forfeiture of interest for usury after the expiration of two years from the date of a forfeiture under the provisions of C. S., 2306.

This action was begun on 16 November, 1931. The forfeiture of all interest on the note sued on in the action occurred more than two years before the commencement of the action. If chapter 231, Public Laws of 1931, is applicable to the forfeiture of interest in the instant case,

5—204

the defendants would not be allowed a reasonable time within which to assert their rights under C. S., 2306, and upon well settled principles the statute would be void as to the defendants. *Barnhardt v. Morrison,* 178 N. C., 563, 101 S. E., 218. We do not think, however, that the language of the statute manifests a purpose on the part of the General Assembly that the statute shall operate retrospectively. The statute is prospective only, and is applicable only to a forfeiture under C. S., 2306, which has occurred, or shall occur, since its ratification on 1 April, 1931.

There was no error in the judgment denying the plaintiff interest on the principal of the note sued on. Such interest was forfeited under the provisions of C. S., 2306, and such forfeiture is not affected by the provisions of C. S., 442, subsection 3.

It was agreed by and between the parties to this action that the sum of $151.58 was paid by the defendants to the plaintiff as interest on the debt from 1 April, 1926, to 1 November, 1929, and that such interest was usurious. This sum was paid by the defendants voluntarily, and could not be recovered in an action instituted by the defendants against the plaintiff for that purpose. For this reason, it was error to allow said sum as a counterclaim in this action. The plaintiff is entitled to judgment for the principal of the note sued on, without interest. The judgment as modified in accordance with this opinion is affirmed.

Modified and affirmed.