On 2 May, 1928, George Parlier executed and delivered to the plaintiffs a promissory note in the sum of $2,000, which was endorsed by S. V. Tomlinson, C. E. Parlier, D. J. Brookshire, and N. S. Forester. The note was payable twelve months after date. It is alleged that before it became due N. S. Forester died; that at its maturity it was renewed for a period of twelve months, Buster Forester and Addie V. Forester, heirs of N. S. Forester, signing the renewal as endorsers; and that before the maturity of this note C. E. Parlier died, and his widow, Mrs. C. E. Parlier, paid $500, which was duly credited. The following is the note on which this suit was instituted:
"$1,500. North Wilkesboro, N.C. 2 June, 1930.
Twelve months after date I promise to pay to H. F. Fletcher and wife, Dollie F. Fletcher, or order, at the Bank of North Wilkesboro, North Wilkesboro, N.C. fifteen hundred and no/100 dollars from *Page 905 
date, for value received, with interest from date at six per cent per annum. Protest, presentment, notice of dishonor and extension of time of payment waived by all parties to this note.
(Signed.) Geo. S. Parlier."
The endorsers are S. V. Tomlinson, D. J. Brookshire, Buster Forester, Addie V. Forester, Mrs. C. E. Parlier, "Buster Forester and Addie V. Forester signing as heirs at law of N. S. Forester in renewal of this note and liable only to the extent that N. S. Forester would have been liable if living."
Buster Forester, Addie V. Forester, and D. J. Brookshire pleaded usury. The plaintiffs denied the allegation of usury and pleaded the two-year statute of limitations.
The jury returned a verdict against the defendants for $1,500 with interest and found that D. J. Brookshire, Buster Forester, and Mrs. Addie V. Forester were not entitled to recover anything on their counterclaim for usury.
Judgment for plaintiff; appeal by Mrs. C. E. Parlier, D. J. Brookshire, Buster Forester, and Mrs. Addie V. Forester.
Some of the appellants pleaded usury, insisting not only on a forfeiture of the interest but on the recovery of twice the amount of interest paid. C.S., 2306. The plaintiffs pleaded the statute of limitations. C.S., 442. The evidence is conflicting and the instructions given the jury, to which the appellants excepted, do not clearly explain the law applicable to the evidence in its relation to the counterclaim referred to in the fifth issue, as required by C.S., 564. For this reason the appellants are entitled to a new trial. See Trust Co. v. Redwine, 204 N.C. 125.
New trial.