Plaintiffs instituted this action on 22 January, 1935, to recover the penalty for usury alleged to have been exacted by the defendant. In the complaint plaintiffs alleged that from a loan made by the defendant in 1926, the sum of $209.00 was deducted and received by the defendant for making the loan, and that in July, 1934, a further sum of $50.00 was paid by the plaintiffs in excess of the legal rate. Defendant denied that it charged or received the $209.00, and in its answer alleged that if *Page 365 
plaintiffs paid this sum it was a commission which was not received by the defendant. The defendant further alleged that the item of $50.00 was an attorney's fee paid by the plaintiffs in a settlement after a foreclosure sale. Defendant also pleaded the statute of limitations.
Plaintiff E. D. Woody testified that the negotiations with respect to the loan were had with one S. B. Frink, who filled out an application for the loan on the defendant's blank; that the amount of the loan was $3,000, secured by deed of trust on his home, but that $209.00 was deducted from the amount for negotiating the loan; that thereafter he kept up his payments on principal and interest to 5 July, 1932, and thereafter made no other payments; that in July, 1934, the trustee in the deed of trust advertised and sold the property and the defendant bid it in for $2,500; that in August, 1934, he secured a loan from the Home Owners' Loan Corporation and paid off his debt, including interest, taxes, and cost of sale, the defendant accepting Home Owners' Loan Bonds therefor.
At the conclusion of plaintiffs' evidence, motion for nonsuit was allowed, and from judgment thereon plaintiffs appealed.
The judgment of nonsuit must be sustained. The receipt by the defendant of the alleged usury of $209.00 does not sufficiently appear, and, if it did, the statute of limitations is a complete bar. No payments of interest were made after 5 July, 1932.
The other item of $50.00 was an attorney's fee, paid by the plaintiffs in a settlement made after a sale of the premises had been made in July, 1934, and under the evidence in this case this could not be held to be usurious. C. S., 442; Trust Co. v. Redwine, 204 N.C. 125.
On the record before us the judgment of nonsuit is
Affirmed. *Page 366 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 367