LEOPOLD HERMAN HAANEBRINK AND JACQUELINE E. CORNEY HAANEBRINK v. LOUIS B. MEYER, TRUSTEE, AND THE LELY CORPORATION OF DELAWARE

No. 807SC19

(Filed 15 July 1980)

Usury § 4— forfeiture of interest for usury – statute of limitations

The two-year statute of limitations on the forfeiture of all interest for usury, G.S. 1-53(3), begins to run at the time an agreement or charge for usurious interest is first made. Therefore, plaintiff's action for the forfeiture

Haanebrink v. Meyer

of all interest on a promissory note was barred by the statute of limitations where the note was signed on 7 June 1976 and the action was instituted on 21 August 1979.

APPEAL by defendant from *Reid, Judge.* Judgment entered 23 October 1979 in Superior Court, WILSON County. Heard in the Court of Appeals 22 May 1980.

This is an action for declaratory judgment in which plaintiffs request the court to determine the rights of the parties with respect to a promissory note executed by plaintiffs to the corporate defendant and deed of trust securing the note. Plaintiffs seek to have the interest in the promissory note declared usurious and to have the deed of trust cancelled by the trustee upon payment by the plaintiffs to the corporate defendant of the principal without interest. From summary judgment in favor of plaintiffs, defendant Lely Corporation of Delaware appealed.

*Narron, Holdford, Babb, Harrison & Rhodes, by William H. Holdford, for plaintiff appellees.*

*Parker, Miles & Hinson, by C. David Williams, Jr., for defendant appellant.*

MARTIN (Robert M.), Judge.

The issue presented by this appeal is when the two year statute of limitations on the forfeiture of all interest for usury begins to run.

G.S. 24-2 on the penalty for usury provides in pertinent part:

> The taking, receiving, reserving or charging a greater rate of interest than permitted by this chapter or other applicable law, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the

person ... by whom it has been paid, may recover back twice the amount of interest paid in an action in the nature of action for debt.

G.S. 1-53 contains the applicable statute of limitations:

Within two years —

*   *   *

(2) An action to recover the penalty for usury.

(3) The forfeiture of all interest for usury.

It is well settled that the statute of limitations on the recovery of twice the amount of interest paid begins to run upon payment of the usurious interest. The right of action to recover the penalty for usury paid accrues upon each payment of usurious interest giving rise to a separate cause of action to recover the penalty therefor, which action is barred by the statute of limitations at the expiration of two years from such payment. *Henderson v. Finance Co.*, 273 N.C. 253, 160 S.E. 2d 39 (1968); *Ghormley v. Hyatt*, 208 N.C. 478, 181 S.E. 242 (1935); *Trust Co. v. Redwine*, 204 N.C. 125, 167 S.E. 687 (1933).

The question, however, of when the statute of limitations begins to run on the forfeiture of all interest has not been directly addressed by this Court. G.S. 1-53(3) pertaining to the forfeiture of interest was enacted in 1931. Prior to 1931, the statute of limitations mentioned only an action to recover the penalty for usury, the recovery of twice the amount of interest paid, and was held inapplicable to a defense demanding the forfeiture of interest in *Pugh v. Scarboro*, 200 N.C. 59, 156 S.E. 149 (1930). As a result of that decision the two year statute was amended to add "the forfeiture of all interest for usury."

It is indicated that the time runs from forfeiture, and this would seem to take place when an agreement or charge for usurious interest is first made. If this is the proper construction, the statute will bar the forfeiture in many cases before the principal debt matures, unless the debtor brings an action for forfeiture within the two years.

1 T. Wilson & J. Wilson, McIntosh N.C. Practice and Procedure § 502 (2nd ed. 1956). We are persuaded that this is indeed the proper construction.

There shall be no forfeiture of interest for usury after the expiration of two years from the date of forfeiture under the provisions of G.S. 24-2. *Trust Co. v. Redwine*, 204 N.C. 125, 167 S.E. 687 (1933). The forfeiture under G.S. 24-2 is the "taking, receiving, reserving or charging" of a usurious rate of interest. In *Smith v. Building and Loan Assn.*, 119 N.C. 249, 255 26 S.E. 41, 42 (1896), the Court stated that "[t]he statute makes the charging or contracting for usury a forfeiture of all interest . . ." and in *Mortgage Co. v. Zion Church*, 219 N.C. 395, 397, 14 S.E. 2d 37, 38 (1941) the Court stated that "[a]s exaction for the release, the defendants were required to promise to pay a part of the old as well as additional usury. This was a clear imposition upon the borrower. All interest is forfeited when usury is knowingly exacted." Similarly in *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971), the Court confirmed that the "charging" which constitutes a forfeiture is the contract, promise or agreement to a usurious rate of interest as opposed to the actual payment of that interest. In *Kessing,*

> [a] greater rate of interest than allowed by law was charged by means of the partnership agreement required, but no profit has yet inured to the defendant under this agreement. The only interest actually paid by Kessing Company was the 8% provided for in the note. This in itself was a legal rate. No usurious interest has been paid, and Kessing Company is not entitled to recover double the amount of the interest. (Citations omitted). The statutory penalty for *charging* usury is the forfeiture of *all* interest on the loan. The charging of usurious interest as provided for by the partnership agreement in this case is sufficient to cause a forfeiture of all the interest charged.

*Id.* at 532, 180 S.E. 2d at 828-29. Therefore, the two year statute of limitations begins to run from the time an agreement or charge for usurious interest is first made.

The case of *Grant v. Morris*, 81 N.C. 150 (1879) relied on by plaintiffs is not to the contrary. In *Grant,* the court did not

consider "the mere entry of a usurious claim upon the account as either 'a taking, receiving, reserving or charging.' within the meaning of the amending act. These words imply something more to be done, to the loss or detriment of the debtor, than the mere presentation of an illegal claim which is neither recognized nor paid." *Id.* at 154. In *Grant*, however, there was no usurious stipulation found in the contract itself, plaintiff did not otherwise agree to a usurious rate of interest and none was paid. After advances were made to the plaintiff by defendant, the defendant in an account rendered to plaintiff included a charge of usurious interest to which the plaintiff objected. Because there was no promise to pay a usurious interest rate by the debtor in exchange for the advance of money by the lender, there was no detriment to the debtor. A usurious rate of interest is charged when the debtor agrees or promises to pay it. Hence, the signing of a note calling for usurious interest is a charging within the meaning of the statute which would cause the period of limitation to begin.

In the present case, the plaintiff signed a promissory note for $13,185.83 bearing interest at the commercial prime lending rate of interest, plus four percent per annum on 7 June 1976. According to the deposition of the corporate defendant's vice president, the prime commercial lending rate plus 4% was approximately 12% at that time. The maximum legal interest rate under G.S. 24-1.1(3) was 9%. Defendant's third assignment of error that it lacked the necessary "corrupt intent" to charge a greater rate of interest than allowed by law is without merit. *Kessing v. Mortgage Co.*, 278 N.C. 523, 180 S.E. 2d 823 (1971); *Equilease Corp. v. Hotel Corp.*, 42 N.C. App. 436, 256 S.E. 2d 836, *cert. denied* 298 N.C. 568, 261 S.E. 2d 121 (1979).

We find that the charging of usurious interest dates from the agreement on 7 June 1976. Plaintiffs brought this action for the forfeiture of all interest on 21 August 1979. Consequently, plaintiffs' action is barred by the two year statute of limitations.

Summary judgment in favor of plaintiffs is

Reversed.

Judges ARNOLD and HILL concur.