B. K. POND, Adm'r. of L. E. HORNE, v. JAMES E. HORNE.

A bond given for money lent upon usurious interest during the existence of the statute against usury, Rev. Code, ch. 114, was made void *ipso facto* by that statute, and was not revived when it was repealed by the act of 1866, ch. 24.

In an action upon a simple contract, usury may be given in evidence under the general issue, treating the contract as void. And though, in a suit upon an usurious bond, it is necessary to plead the statute, it is not to bar the action, but to put the Court in possession of the facts. whereby it is shown that the contract was wholly void.

This was a civil action tried before his Honor, *Russell, J.,* at the last Fall Term of the Superior Court of ANSON County.

The complaint was founded upon a bond executed by the defendant to the plaintiff's intestate in the year 1861. The defendant admitted the execution of the bond, but relied as. a defence upon the statute of usury, Rev. Code, ch. 114. It was admitted that the bond was given in consideration of money lent at the rate of ten *per cent.* interest *per annum,* and it was contended for the defendant that the illegal consideration made the instrument void, while the plaintiff insisted that he had a right to recover, upon the ground that the statute had been repealed by the act of 1866, ch. 24. His Honor ruled in favor of the plaintiff and he had a verdict and judgment, and the defendant appealed.

*Blackmer & McCorkle,* for the defendant.
*Battle & Sons,* for the plaintiff.

PEARSON, C. J. A perusal of the enacting clause of the statute under consideration, shows clearly that it has no reference to contracts made before its passage. The wording. and whole scope looks ahead and has in contemplation contracts that may be entered into in future. So all of the

learning in respect to the retroactive effect of statutes has no bearing.

The case turns upon the effect of the repealing clause. The old usury act is repealed absolutely, and the Courts can give no further effect to it, but so far as the act has already had an effect, that, of course, is not disturbed by the repeal.

This rule as to the effect of the repeal of a statute is settled by the cases both in England and in this country, and it is so consonant with the reason of the thing, that discussion is not called for.

The question is, was the bond sued on, made void by force of the old statute, or was the effect of the statute merely to make the bond voidable by plea ? If the former, and nothing was left to be done, the repeal of the statute has no operation in regard to a matter "passed and closed." Dwarris on Statutes, 676. If the latter, and something was to be done in order to give effect to the statute, the repeal stops its further operation.

By way of illustration, seven years adverse possession of land under color of title, ripens it, and makes it a good title; so three years adverse possession of personal property confers a good title by force of the statute, and that result having been effected, a repeal of the statute would not divest the title; " the fact is accomplished " and the matter "passed and closed." On the other hand, the repeal of a statute which simply *bars the right of action* will prevent the bar of an action brought after the repeal, and even, of an action pending at the date of the repeal, for, the matter was not passed and closed, but something is to be done, in order to give effect to the statute ; and nothing can be done under it, after its repeal. So, in respect to statutes making certain acts indictable, it is settled that a repeal of the statute at any time before judgment puts an end to the prosecution, (unless there be a saving clause,) on the ground, that the statute had not had its full effect, and something remained

to be done, for, to sustain a proceeding *criminalitur,* the act must be an offence both at the time, it is committed, and at the time it is *to be punished.* For the like reason, a penalty cannot be recovered after the repeal of the act by which it is given—the recovery of the penalty is something which remains to be done, and although as was ingeniously argued. by Mr. Battle, the loss of the debt, is in one sense a penalty,. yet it is a penalty enforced at the time the usurious contract is made, and is the same, as if the penalty of double the amount of the money lent, had been sued for and recovered before the repeal of the statute. The idea of sueing to recover it back would not be entertained for a moment.

Our case then, is narrowed to this, is a usurious contract made void by force of the old statute *per se,* or is it necessary to plead the statute in order to give it full effect? In other words, is the contract void by force of the statute, or is the statute only a bar to the action? We are entirely satisfied that the former is the true construction. The words are plain, "all contracts, bonds, &c., shall be void."

In an action upon a simple contract usury may be given in evidence under the general issue treating the contract as void.

In an action upon a bond, the plea alleges a usurious consideration, " contrary to the form of the statute in such case made and provided, by means whereof, and by force of said statute the said writing *was, and is,* wholly void in law," 3 Chitty, 966.

So, it is seen, that the office of the plea is not to bar the action, but to put the Court in possession of facts, whereby the " contract is wholly void in law." Such being the case the repeal of the statute has no effect. The reason for requiring the matter to be set out specially by plea, is that a deed (unless it be void *ab initio*) because of its solemnity,. can only be defeated in a manner equally solemn, " *eo ligamine quo ligatur ;*" under this maxim payment was not a

discharge of a bond until 4th Ann, a release or acquittance under seal, being necessary. When the deed is void at common law—as a bond executed by a married woman, or a bond for a consideration *malum in se*—such matter may be given in evidence under the plea "*non est factum,*" for, it is void, *ab initio,* and never was a deed even for an instant; but when a statute assumes the existence of a bond in the first instance, and declares it to be void, such matter, as we have seen, must be set out by special plea, for the technical reason referred to, but when the matter is so set out, a bond given upon a usurious consideration is void in the same sense to all intents and purposes, as a bond given for a consideration *malum in se.* In either case if the bond be renewed, the second bond is void, or if the bond be transferred to a purchaser for a valuable consideration and without notice, it is equally void in the hands of the innocent holder.

In short, the contract as alleged in the plea of usury by force of the statute "was, and is wholly void in law" and the subsequent repeal of the statute does not give vitality to that which was dead, for in the words of Dwarris the effect of the statute is "passed and closed."

There is error.

PER CURIAM. *Venire de novo.*