MORRIS STEED AND RUTH STEED v. FIRST UNION NATIONAL BANK

No. 8126SC1100

(Filed 6 July 1982)

1. **Consumer Credit § 1— Retail Installment Sales Act—unauthorized default charges**

Plaintiffs' claim to recover allegedly unauthorized default charges assessed by defendant bank against plaintiffs' installment note account in violation of the Retail Installment Sales Act was properly dismissed where the record showed that defendant charged plaintiffs with the contested default charges but that plaintiffs never paid those charges to defendant, since G.S. 25A-44 requires both the charging and receiving of unauthorized default charges as a basis for recovery.

2. **Parties § 5; Rules of Civil Procedure § 23— class action—absence of injury to plaintiffs**

Plaintiffs who had suffered no injury could not, *ipso facto*, assert injury on behalf of others similarly situated, and a class action which plaintiffs attempted to assert was properly dismissed.

APPEAL by defendant from *Bennett, Judge.* Judgment entered 26 May 1981 in District Court, MECKLENBURG County. Appeal by plaintiff from *Ervin, Judge.* Judgment entered 20 December 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 May 1982.

This action was brought by plaintiffs to recover from defendant bank allegedly unauthorized default charges assessed by defendant against plaintiffs' installment note account, in violation of the Retail Installment Sales Act (RISA).

Plaintiffs' complaint alleged that they entered into a retail installment sales contract for the purchase of a mobile home with Conner Homes Corporation on 27 August 1976. The contract was assigned to defendant. The terms of the contract called for payments to be made by the 15th of each month with default charges to be imposed for any default in excess of ten days. All payments were timely made until August of 1977. Plaintiffs defaulted on the August payment, and defendant imposed a late charge of $4.68 on 25 August. Although plaintiffs did not pay the missed August payment, plaintiffs made timely payments for September through March of 1978. Plaintiffs defaulted on the April payment but made the subsequent payments on time.

Defendant's policy was to apply the next payment received to the month in default. The result was that plaintiffs were assessed a default charge each month after August of 1977 even though all but one of those payments were made on time. Plaintiffs alleged that the North Carolina Retail Installment Sales Act prohibits more than one charge for each default and prohibits imposing subsequent charges for the same default. Plaintiffs prayed for the return of the excess late charges, trebled under the Act for a total of $201.24. Plaintiff also alleged that they represented the class of persons who had been assessed subsequent default charges by defendant in the last four years, that the class numbered in excess of 100 persons, that defendant had been notified on behalf of the class, and that there were common issues of law and fact among the class.

Defendant's answer denied the material allegations of the complaint, raised the statute of limitations, alleged that the demand letter from plaintiff did not meet the requirements of G.S. 25A-44(3), alleged the failure to join a necessary party in that Ruth Steed had not been joined, and alleged that plaintiff did not have standing because defendant had paid to the Steeds' account $56.16, the amount of all late charges assessed against them.

The parties submitted affidavits and interrogatories. Defendant's motion to dismiss the class action was granted by Judge Ervin, from which judgment plaintiffs have appealed. The cause was transferred to the District Court for determination of plaintiffs' remaining claims. Plaintiffs' motion for summary judgment for sums due for unauthorized charges under RISA was granted, from which judgment defendant has appealed. Further facts will be discussed as necessary in the body of the opinion.

*North Central Legal Assistance Program, by Michael B. Sosna and Gillespie & Lesesne, by Donald S. Gillespie, Jr., for plaintiff-appellee/appellants.*

*Smith, Moore, Smith, Schell & Hunter, by David M . Moore, II, Benjamin F. Davis, Jr., and Timothy Peck, for defendant-appellant/appellee.*

*Edmund D. Aycock, for the North Carolina Bankers Association, Amicus Curiae.*

WELLS, Judge.

The portions of the Retail Installment Sales Act pertinent to this appeal are as follows:

§ 25A-29. Default charges.

If any installment is past due for 10 days or more according to the original terms of the consumer credit installment sale contract, a default charge may be made in an amount not to exceed five percent (5%) of the installment past due or six dollars ($6.00), whichever is the lesser. A default charge may be imposed only one time for each default.

If a default charge is deducted from a payment made on the contract and such deduction results in a subsequent default on a subsequent payment, no default charge may be imposed for such default.

If a default charge has been once imposed with respect to a particular default in payment, no default charge shall be imposed with respect to any future payments which would not have been in default except for the previous default.

A default charge for any particular default shall be deemed to have been waived by the seller unless, within 45 days following the default, (i) the charge is collected or (ii) written notice of the charge is sent to the buyer.

§ 25A-44. Remedies and penalties.

In addition to remedies hereinbefore provided, the following remedies shall apply to consumer credit sales:

. . .

(3) In the event the seller or an assignee of the seller (i) shall fail to make any rebate required by G.S. 25A-32 or G.S. 25A-36, (ii) shall charge and receive fees or charges in excess of those specifically authorized by this Chapter, or (iii) shall charge and receive sums not authorized by this Chapter, the buyer shall be entitled to demand and receive the rebate due and excessive or unauthorized charges. Ten days after receiving written request therefor, the seller shall be liable to the buyer for an amount

equal to three times the sum of any rebate due and all improper charges which have not been rebated or refunded within the 10-day period.

(4) The knowing and willful violation of any provision of this Chapter shall constitute an unfair trade practice under G.S. 75-1.1.

I. Defendant's Appeal

[1]  The essence of defendant's argument is that G.S. 25A-29 allows the imposition of a default charge for each period a single installment payment remains in default. The essence of plaintiffs' argument is that the statute allows the imposition of but one default charge for any one installment payment in default, no matter how long that payment may remain in default. The record before us indicates, however, that it is not necessary for us to reach the merits of these arguments.

While the record shows that defendant *charged* plaintiffs with the contested default charges, plaintiffs never *paid* those charges to defendant. The statute requires both the charging and receiving of unauthorized default charges as a basis for recovery. While we have found no cases on point interpreting this aspect of G.S. 25A-29, our Supreme Court has held or stated in a number of cases under the usury statutes, *see* Chapter 24 of our General Statutes, that usurious interest must first be *paid* before any recovery may be had by the borrower. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971); *Clark v. Bank*, 200 N.C. 635, 158 S.E. 96 (1931); *Ripple v. Mortgage Corp.*, 193 N.C. 422, 137 S.E. 156 (1927). *Accord, Equilease Corp. v. Hotel Corp.*, 42 N.C. App. 436, 256 S.E. 2d 836 (1979); *disc. rev. denied*, 298 N.C. 568, 261 S.E. 2d 121 (1979). The materials before the trial court show that plaintiffs were not entitled to summary judgment, and that judgment dismissing plaintiffs' claim was required.

II.  Plaintiffs' Appeal

[2]  The trial court properly dismissed the class action which plaintiffs attempted to assert. Plaintiffs having suffered no injury, they cannot, *ipso facto*, assert injury on behalf of others similarly situated. *See Hall v. Beals*, 396 U.S. 45, 24 L.Ed. 2d 214, 90 S.Ct. 200 (1969); Shuford, N.C. Civil Practice and Procedure, § 23-4 (2d ed. 1981).

The results are that summary judgment for plaintiffs must be reversed; judgment dismissing plaintiffs' class action is affirmed; and the case must be remanded for judgment dismissing plaintiffs' action.

Reversed in part;

Affirmed in part;

Remanded.

Judges HEDRICK and ARNOLD concur.