THE NORTHWESTERN BANK v. MRS. R. H. BARBER, A/K/A NORMA G. BAR-
BER, AND TOM KINLEY

No. 8526SC678

(Filed 18 February 1986)

1. **Usury § 1— endorsement of promissory note—guaranty—no "things of value" within meaning of N.C.G.S. § 24-8**

   Endorsement of a note and guaranty agreements which served as security for a loan under $300,000 did not constitute a "thing of value" within the meaning of the statute prohibiting the lender from charging or receiving from the borrower any "sum of money, thing of value or other consideration" other than the security or collateral pledged to secure payment of the principal and allowable fees and interest. N.C.G.S. § 24-8.

2. **Usury § 5— no usurious rate of interest charged**

   In an action to recover sums due under the terms of a promissory note and guaranty agreements following foreclosure sale, the trial court did not err in granting a judgment for an amount which included interest, since there was no contract, promise or agreement to a usurious rate of interest which would require forfeiture of the entire interest which the note carried, nor did the court err in allowing plaintiff to amend its complaint so as to reduce the interest sought to that calculated at 12% per annum. N.C.G.S. 24-1.1.

3. **Attorneys at Law § 7.4— fees not provided for in note—awarding of fees improper**

   In an action to recover sums due under the terms of a promissory note and guaranty agreements, the trial court erred in awarding plaintiff attorney's fees where the promissory note did not provide for payment of counsel fees in an action to collect the debt, but the guaranty agreements did so provide, but written notice was not sent to defendant advising him of his right under N.C.G.S. § 6-21.2(5) to pay the outstanding balance on the note without incurring the attorney's fees.

APPEAL by defendant Kinley from *Snepp, Judge*. Judgment entered 23 October 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 December 1985.

Plaintiff initiated this action seeking sums allegedly due under the terms of a promissory note and guaranty agreements following foreclosure sale. The trial court heard the matter without a jury and made findings of fact which read in pertinent part as follows:

1. On November 30, 1973, Carolina Jeep, Inc., a North Carolina corporation, executed and delivered to the plaintiff

Northwestern Bank a Promissory Note in the original principal sum of $200,000.00, at a rate of interest at prime plus two percent.

2. The defendants, who were officers and shareholders of Carolina Jeep, Inc., signed said Note on the reverse side thereof.

3. The defendants, Mrs. R. H. Barber, a/k/a Norma G. Barber, and Tom R. Kinley, executed and delivered to the Northwestern Bank Unconditional Guaranty Agreements, dated December 20, 1976, and March 18, 1977.

4. On November 30, 1973, Carolina Jeep, Inc. executed and delivered to the Northwestern Bank a Deed of Trust on real estate to secure the Promissory Note referred to in number one above. Thereafter, Carolina Jeep, Inc. conveyed said property to a third party subject to said Deed of Trust.

5. Payments were not made on said Note according to its terms, and defendants failed and refused to make such payments upon demand. The plaintiff elected to accelerate the payment of the balance due on said Note and defendants were so notified of same.

6. At the time of default on said Promissory Note, the principal balance due the plaintiff was $184,700.00.

7. The plaintiff Northwestern Bank commenced foreclosure proceedings under the terms and provisions of said Deed of Trust.

. . . .

9. At the foreclosure sale held on August 3, 1981, the plaintiff was the high bidder for the sum of $185,000.00. After the payment of the costs incurred in said foreclosure sale, totalling $12,477.68, the sum of $172,522.32 was credited on the Promissory Note by the plaintiff as follows: $31,636.83 for accrued interest through August 3, 1981 and $140,885.49 was credited to principal, thereby leaving a principal balance due the plaintiff of $43,814.51.

10. Plaintiff paid delinquent taxes on the real estate covered under the Deed of Trust in the sum of $13,051.33, after prorating said taxes through August 18, 1981.

11. The accrued interest due the plaintiff on said Promissory Note, after the credits were allocated as set forth in number nine, from August 3, 1981 until October 16, 1984, is $21,394.52, calculated at the rate of twelve percent per annum.

12. There was no evidence presented as to the fair value of said real estate which was the subject of said foreclosure proceeding.

13. At no time did the plaintiff charge, collect, reserve or accrue interest on said Promissory Note at a rate in excess of twelve percent.

14. The Guaranty Agreements provide for attorneys' fees, costs and expenses of collection incurred by the plaintiff in enforcing any of the liabilities therein stated.

15. The Deed of Trust provides that any sums expended by the plaintiff for the payment of taxes on the property covered by said Deed of Trust, or to remove any prior liens or incumberances [sic], shall be added to and constitute a part of the debt thereby secured, and shall bear interest at the same rate.

Based on the findings of fact and other evidence presented at trial, the court made the following conclusions of law:

1. The defendants are indebted to the plaintiff, under the terms of said Promissory Note, Deed of Trust and Guaranty Agreements, for principal, plus an additional principal sum for the delinquent taxes paid by the plaintiff, and interest on the total of said principal sums to the date of the entry of this Judgment, at the rate of twelve percent per annum.

2. At the time of the execution of said Promissory Note, the interest rate therein provided was nonusurious, nor has the plaintiff charged, collected, reserved or accrued interest on said Note at a usurious rate.

3. Defendants are not entitled to rely on § 45-21.36 of the General Statutes of North Carolina as a defense. Similarly, § 24-8 of the General Statutes of North Carolina does not apply as a defense in this cause.

4. Plaintiff is entitled to recover attorney fees from the defendants in the amount of fifteen percent of the total sum due the plaintiff from the defendants.

Based on the findings of fact and conclusions of law the court ordered that:

1. Defendants Mrs. R. H. Barber, a/k/a Norma G. Barber, and Tom R. Kinley, jointly and severally, pay to the plaintiff the sum of $78,260.35.

2. The defendants pay to the plaintiff, or its attorney, Michael P. Mullins, the sum of $11,739.05 for attorney fees.

. . . .

4. Defendants shall pay interest to the plaintiff on all such sums referred to herein at the rate of eight percent per annum from and after the date of this Judgment until all of such sums have been paid in full.

From the judgment, defendant Kinley appeals.

*No brief for plaintiff appellee.*

*Erwin, Beddow and Reese, by Fenton T. Erwin, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred when it failed to apply the provisions of G.S. 24-8 to the evidence. G.S. 24-8 provides in pertinent part:

No lender shall charge or receive from any borrower or require in connection with a loan any borrower, directly or indirectly, to pay, deliver, transfer or convey or otherwise confer upon or for the benefit of the lender . . . any sum of money, thing of value or other consideration other than that which is pledged as security or collateral to secure the repayment of the full principal of the loan, together with fees and interest provided for in . . . the . . . Statutes, where the principal amount of a loan is not in excess of three hundred thousand dollars ($300,000.00).

The loan between plaintiff and Carolina Jeep, Inc. was for less than $300,000.00. Defendant argues that both the guaranty agreements and his endorsement of the promissory note as "Vice Pres." are "a thing of value" within the meaning of the statute and thus G.S. 24-8 precluded plaintiff from taking these incident to the loan. We do not agree.

The limitation imposed by G.S. 24-8 concerns a thing of value "other than that which is pledged as security or collateral to secure the repayment of the full principal of the loan, together with fees and interest . . . ." In this instance, defendant's endorsement and the guaranty agreements served as security for the loan to Carolina Jeep, Inc. No additional sum or thing of value is involved other than securing for the plaintiff that the loan will be repaid in full. Thus, the statute has not been violated.

[2] Defendant next contends that the trial court erred in granting a judgment for an amount which included interest. We disagree.

Plaintiff loaned the $200,000.00 to Carolina Jeep, Inc. on 30 November 1973. On that date, G.S. 24-1.1 (Cum. Supp. 1971) provided in pertinent part as follows:

[T]he parties to a loan . . . may contract in writing for the payment of interest not in excess of: . . . (4) Twelve percent (12%) per annum where the principal amount is more than one hundred thousand dollars ($100,000.00) but not more than three hundred thousand dollars ($300,000.00). . . .

G.S. 24-2 mandates the forfeiture of the entire interest which the note carries with it when there has been a "taking, receiving, reserving or charging a greater rate of interest" than that allowed by law. The "charging" which constitutes a forfeiture under G.S. 24-2 is the contract, promise or agreement to a usurious rate of interest as opposed to the actual collection or payment of that interest. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971); *Haanebrink v. Meyer*, 47 N.C. App. 646, 267 S.E. 2d 598 (1980). However, we see no need to discuss the question of usury since there is nothing in this record to show that plaintiff ever charged or collected anything more than the legal rate of interest.

Plaintiff in its complaint sought interest in excess of the 12% allowed under G.S. 24-1.1. Defendant excepts to the trial court

allowing plaintiff to amend the complaint so as to reduce the interest sought to that calculated at 12% per annum. Rule 15(b) of the North Carolina Rules of Civil Procedure provides that a party may amend the pleadings to conform to the evidence. Plaintiff presented evidence as to the amount of the interest when calculated at 12% per annum. The allowance of conforming amendments is in the trial court's sound discretion. *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E. 2d 588, *cert. denied*, 281 N.C. 758, 191 S.E. 2d 356 (1972). We find the trial court did not abuse its discretion in granting the amendment to the pleadings.

Defendant also contends the trial court erred when it failed to receive into evidence a land appraisal prepared at plaintiff's request. The evidence was hearsay and does not fall within any of the hearsay exceptions. We find no error in the exclusion of this appraisal.

[3] Finally, defendant contends the trial court erred when it awarded the plaintiff attorneys' fees. As to this contention, we agree.

The promissory note evidencing the loan did not provide for payment of counsel fees in an action to collect the debt, but the guaranty agreements signed by defendant did so provide. Provisions relative to the payment of attorneys' fees are not enforceable unless expressly authorized by statute. *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 266 S.E. 2d 812 (1980). G.S. 6-21.2(5) allows recovery of attorneys' fees incurred in the collection of a note provided written notice is sent to the debtor advising him of the right under the statute to pay the outstanding balance on the note without incurring the attorneys' fees. *See Blanton v. Sisk*, 70 N.C. App. 70, 318 S.E. 2d 560 (1984). The record fails to contain any evidence of such notice to the debtor. Absent such evidence, the attorneys' fees were improperly granted. That portion of the judgment awarding attorneys' fees is therefore reversed.

Affirmed in part, reversed in part and remanded.

Judges WELLS and PARKER concur.