O. C. MERRITT AND WIFE, GRACE MERRITT v. JAMES KNOX AND WIFE, LOUISE D. KNOX

No. 8810SC815

(Filed 20 June 1989)

**Usury § 7— usurious interest—penalties barred by statute of limitations—recovery of legal rate**

Where the 12% interest rate provided in a business property loan promissory note was usurious at the time the note was executed in 1977, and the forfeiture and double recovery penalties provided by N.C.G.S. § 24-2 for usury were barred by the statute of limitations, the holders of the note were entitled to recover interest at the legal rate set by N.C.G.S. § 24-1. Therefore, the holders are entitled to recover 6% interest from the date the note was executed in December 1977 until the legal rate was changed to 8% after the note matured by an amendment to N.C.G.S. § 24-1, effective 1 July 1980, and to recover 8% interest from 1 July 1980 until the judgment is satisfied.

APPEAL by defendants from McLelland (D. Marsh), Judge. Judgment entered 23 March 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 21 February 1989.

*Richard C. Titus for plaintiff-appellees.*

*Joslin, Culbertson & Sedberry, by William Joslin, for defendant-appellants.*

PARKER, Judge.

Defendants appeal from the entry of summary judgment for plaintiffs in their action to recover the amount due on a promissory note. Defendants do not contest their liability on the note. They contend that the trial court erred in enforcing the 12% interest rate provided in the note because the rate was usurious under the law in effect at the time the note was executed.

## MERRITT v. KNOX

[94 N.C. App. 340 (1989)]

Defendants executed the note on 14 December 1977. The principal amount of the note was $20,000, it was due and payable one year from the date of execution, and it provided for interest at the rate of 12% per annum from the date of execution until paid. The note also provided for payment of attorney's fees in the amount of 15% of the balance due in an action to enforce the holder's rights upon default. Prior to the institution of this action, defendants had made payments on the note totalling $600. The trial court found that plaintiffs were entitled to recover the principal amount of $19,400 plus 12% interest on that amount up to the date of judgment. The trial court also awarded plaintiffs attorney's fees in the amount of 15% of the outstanding balance due pursuant to G.S. 6-21.2.

Defendants argue that the court erred in ordering payment of interest at that rate and in basing the award of attorney's fees upon that amount. Plaintiffs concede that the 12% interest rate cannot be enforced and both parties suggest that the balance due and attorney's fees should be based upon an annual interest rate of 10%; that rate being the maximum legal rate at the time of execution.

We agree that the trial court erred in enforcing the 12% interest rate. The note was executed on 14 December 1977. The applicable statute in effect on that date provided in pertinent part:

Except as otherwise provided in this chapter or other applicable law, the parties to a loan, purchase money loan, advance, commitment for a loan or forbearance may contract in writing for the payment of interest not in excess of:

. . . .

(2) Ten percent (10%) per annum where the principal amount is one hundred thousand dollars ($100,000) or less and is a business property loan . . .

G.S. 24-1.1 (Supp. 1977). The note was secured by a second deed of trust and the proceeds were to be used for development of the property; thus, the loan was a "business property loan" as defined by the statute. *Id.* Accordingly, the 12% interest rate provided by the note was usurious. Subsequent changes in the law regarding interest rates could not validate the interest provision. *See Pond v. Horne*, 65 N.C. 84 (1871).

There are two statutory penalties for usury: (i) the entire amount of interest due is subject to forfeiture, and (ii) the debtor may recover twice the amount of interest paid. G.S. 24-2. The debtor may plead these remedies as counterclaims in an action to recover the debt. *Id.* Both remedies, however, are subject to a two-year statute of limitation. G.S. 1-53(2), (3). The statute runs from the date of payment for the double-recovery remedy, and from the date of the agreement for the forfeiture remedy. *Haanebrink v. Meyer,* 47 N.C. App. 646, 267 S.E. 2d 598 (1980). Under the facts of this case, defendants are barred by the statute from obtaining relief under G.S. 24-2.

Although the interest due on the note is not subject to forfeiture, the 12% rate cannot be enforced. While the underlying debt is not affected, usury invalidates the provisions of a note which provide for the payment of interest. *In re Castillian Apartments,* 281 N.C. 709, 712, 190 S.E. 2d 161, 162 (1972). Contracts prohibited by statute are void. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 536, 180 S.E. 2d 823, 831 (1971). Similarly, contract provisions in violation of a statute are contrary to public policy and will not be enforced. *Gore v. Ball, Inc.,* 279 N.C. 192, 203, 182 S.E. 2d 389, 395 (1971). Therefore, the trial court in this case erred in enforcing the 12% interest rate as provided in the note.

Plaintiffs are nonetheless entitled to some interest because the penalty of forfeiture is barred by the statute of limitation. Both parties contend that interest should be allowed at the rate of 10% because that was the maximum legal rate under the law in effect at the time the note was executed. We disagree.

The provision for interest in the note was illegal and void. Therefore, the note must be treated as if the parties had not specified any interest rate. Under such circumstances, the law will not imply the highest rate allowed by statute, but interest shall be at the legal or judgment rate. G.S. 24-5; G.S. 25-3-118(d). Thus, where the debtor of a usurious loan is not entitled to the benefit of the statutory penalties, he is liable for interest at the legal rate. *See Smith v. Bryant,* 209 N.C. 213, 183 S.E. 276 (1936). The legal rate of interest is set by statute. G.S. 24-1.

Since plaintiff is entitled to interest at the legal rate as provided by G.S. 24-1, an additional question arises under the facts of this case. The legal rate in effect at the time the note was executed was 6%. G.S. 24-1 (1965 & Supp. 1977). The legal rate

was changed to 8% by an amendment to G.S. 24-1 which became effective on 1 July 1980. 1979 N.C. Sess. Laws Ch. 1157, § 1. Thus, we must determine the correct interest rate to apply in this case.

The United States Court of Appeals for the Fourth Circuit faced a similar situation in *E.E.O.C. v. Liggett & Meyers Inc.*, 690 F. 2d 1072 (4th Cir. 1982), involving a damage award for violations of the Fair Labor Standards Act. The court held that the 8% legal rate provided by G.S. 24-1 applied to the total amount of damages even though some damages were incurred prior to the effective date of the amendment which changed the legal rate. *Id.* at 1074-75. The court relied on the legislature's intent that the date of judgment should control in determining which rate to apply. *Id.* (quoting 1979 N.C. Sess. Laws Ch. 1157, § 8, which provides: "This act shall not apply to judgments entered prior to July 1, 1980.").

In the present case, however, the principal amount of liability is not the result of a damage award but arises from the agreement between the parties. The majority rule appears to be that interest on a contractual obligation is determined by the law in effect at the time of the agreement, and changes in the legal rate will not be applied retroactively. Annotation, *Retrospective Application and Effect of Statutory Provision for Interest or Changed Rate of Interest*, 4 A.L.R. 2d 932, 934-39 (1949). Many jurisdictions have also held that interest for the time period after the maturity of a debt is in the nature of damages and, therefore, changes in the legal rate will be applied as of the dates the changes became effective. *Id.* at 941-44. *See, e.g., Rachlin & Co. v. Tra-Mar, Inc.*, 33 A.D. 2d 370, 375-76, 308 N.Y.S. 2d 153, 159 (1970).

We elect to follow the above-stated rules in this case. The initial provision for 12% interest being illegal and void, the legal rate then in effect, 6%, was implied by law. *See* G.S. 25-3-118(d). The note reached maturity on 14 December 1978, one year from the date of execution. Interest continued to run at the legal rate from that point onward. G.S. 24-5; G.S. 25-3-122(4). When interest is not made payable on the face of an instrument, it is implied by law as damages for the retention of the principal of the debt. *Craftique, Inc. v. Stevens and Co., Inc.*, 321 N.C. 564, 568, 364 S.E. 2d 129, 132 (1988). Therefore, the change in the legal rate effective 1 July 1980 will be applied as of that date.

NCNB v. GUTRIDGE

[94 N.C. App. 344 (1989)]

Accordingly, the entry of summary judgment in favor of plaintiffs is affirmed, but the case is remanded, and the trial court is ordered to enter judgment awarding plaintiffs the principal sum of $19,400 plus interest at the rate of 6% from 14 December 1977 through 30 June 1980, and at the rate of 8% from 1 July 1980 until the judgment is satisfied. The trial court is also ordered to award attorney's fees based upon the balance due on the note as computed in accordance with this opinion.

Remanded for correction of judgment.

Judges BECTON and ORR concur.