SPEROS CONSTRUCTION COMPANY, INC., PLAINTIFF v. JAMES MUSSELWHITE, DEFENDANT

No. 9016DC1163

(Filed 16 July 1991)

**Judgments § 55 (NCI3d)— interest on a judgment—rate—law in effect at time of judgment**

An award of interest on a judgment at eight percent was partially correct and partially incorrect where defendant entered a plea of guilty to obtaining money from plaintiff by false pretenses in 1978; the court ordered defendant to pay plaintiff restitution in the amount of $13,999.15 as a special condition of probation; plaintiff obtained a judgment against defendant on 20 August 1980 for $13,999.15 plus interest at the legal rate of six percent per annum; plaintiff brought the present action on that judgment on 29 May 1990 for $18,070, representing the principal amount plus interest at the legal rate of eight percent from 20 August 1980 minus all set-offs,

plus interest at the rate of eight percent from 25 May 1990 until paid in full; and plaintiff was granted summary judgment on that complaint. An implied contract, for which the rate would have been six percent, did not result from defendant fraudulently obtaining money from plaintiff or from the court's order that defendant pay restitution. Although the law in effect at the time the judgment was entered against defendant on 20 August 1980 set the legal rate at eight percent, the statute sets the legal rate at eight percent ". . . and no more," so that it must necessarily be inferred that interest may be imposed at a rate less than eight percent if requested by the party entitled to the interest and plaintiff's attorney prepared the judgment asking for six percent. Finally, the present action was an independent action on the judgment, so that plaintiff could request and the court award interest at the rate of eight percent from the date the action was instituted. N.C.G.S. § 24-1.

**Am Jur 2d, Interest and Usury §§ 59, 60.**

APPEAL by defendant from a judgment entered 4 September 1990 by *Judge Gary L. Locklear* in District Court, ROBESON County. Heard in the Court of Appeals 15 May 1991.

*Page & Page, P.A., by Richmond H. Page, for plaintiff appellee.*

*D. Jeffrey Rogers for defendant appellant.*

LEWIS, Judge.

On 8 December 1978, the defendant entered a plea of guilty to the crime of obtaining money from the plaintiff by false pretenses. The defendant was ordered to pay restitution in the amount of $13,999.15 to the plaintiff as a special condition of his probation.

On 20 August 1980, the plaintiff obtained a judgment against the defendant for "the sum of $13,999.15 plus interest at the legal rate of six (6) per cent per annum . . ." as damages resulting from the defendant's acts. The plaintiff brought the present action on that judgment on 29 May 1990 for $18,070.09, which represented the principal amount of $13,999.15 plus interest at the legal rate of 8% from 20 August 1980 minus all set-offs, plus interest at the rate of 8% from 25 May 1990 until paid in full. The defendant answered, denying that the legal rate of interest of 8% applied

to this case. On 13 September 1990, the plaintiff was granted summary judgment on his complaint. The defendant appeals.

N.C.G.S. § 24-1, which provides for the maximum legal rate of interest in this state, was amended to change the rate from 6% per annum to 8% per annum, effective 1 July 1980. If the liability results from a damage award, the 6% rate applies to judgments entered before 1 July 1980 and the 8% rate applies to judgments entered after that date, even to interest accruing before the effective date. *E.E.O.C. v. Liggett & Myers, Inc.*, 690 F.2d 1072, 1075 (4th Cir. 1982). If the principal amount of liability arises out of a contractual obligation entered into by the agreement of the parties, the legal rate in effect at the time of the agreement governs the transaction. *Merritt v. Knox*, 94 N.C. App. 340, 343, 380 S.E.2d 160, 162-63 (1989). After the debt has matured, the 8% rate applies to interest accruing after 1 July 1980. *Id.*

The defendant contends that interest at the rate of 6% applies to the judgment against him because the money he fraudulently obtained from the plaintiff was in the nature of a loan arising from an implied contract, on which the interest began to accrue before 1 July 1980. We disagree.

An implied contract did not result from either the defendant's act of fraudulently obtaining the money from the plaintiff or from the court's order that the defendant pay restitution to the plaintiff, because there was no meeting of the minds between the parties. *Normile v. Miller and Segal v. Miller*, 313 N.C. 98, 103, 326 S.E.2d 11, 15 (1985). The law in effect at the time of an agreement determines the rate of interest on an obligation only where an agreement has actually been reached. Otherwise, the law in effect at the time of judgment determines the rate of interest. In the present case, judgment was entered against the defendant on 20 August 1980, when the legal rate of interest was 8%.

The court here erred, however, in awarding the plaintiff interest at the rate of 8% from the date of the 1980 judgment until the date of the 1990 judgment. The court granted the plaintiff summary judgment in the amount of $18,297.39, which apparently represented the principal amount of $13,999.15 plus interest at the rate of 8% from 20 August 1980 to 4 September 1990, the date the judgment was entered. The 1980 judgment, prepared by the plaintiff's attorney to be signed by the Clerk of Superior Court, called for interest at 6%. The trial court in signing the 1980 judg-

SPEROS CONSTRUCTION CO. v. MUSSELWHITE

[103 N.C. App. 510 (1991)]

ment had the authority to award interest at the rate requested by the plaintiff as long as it did not exceed the legal rate of 8% per annum. N.C.G.S. § 24-2 states that "[t]he legal rate of interest shall be eight percent (8%) per annum for such time as interest may accrue, *and no more*." N.C.G.S. § 24-1 (emphasis added). For the last three words of § 24-1 to be of any significance, it must necessarily be inferred that interest may be imposed on judgments at a rate less than 8% if requested by the party entitled to the interest. Here the plaintiff's attorney prepared the 1980 judgment asking for 6%. We presume that is what he intended.

The trial court did not err in awarding interest on the judgment at the rate of 8% from 29 May 1990, the date the present action was instituted, until paid in full. The plaintiff brought the present action apparently to prevent the 10-year statute of limitations from barring his recovery on the prior judgment. *See* N.C.G.S. § 1-47. This action was in the nature of an independent action on the judgment, the only procedure in this state by which a judgment can be renewed. *Reid v. Bristol*, 241 N.C. 699, 702, 86 S.E.2d 417, 419 (1955). As it was a separate and distinct action, the plaintiff could request, in his complaint, interest at the legal rate of 8%, and the trial court could award interest at that rate from the date the present action was instituted until the judgment is satisfied. *See* N.C.G.S. § 24-5(b).

The judgment of the trial court is affirmed in part, reversed in part, and remanded for entry of judgment for the plaintiff in the proper amount. The amount of the judgment shall be the sum of $13,999.15 plus interest at the rate of 6% per annum from 20 August 1980 until 29 May 1990 as stated in the original judgment. The judgment may provide for interest on that amount at the rate of 8% per annum from 29 May 1990 until paid in full.

Affirmed in part and reversed in part.

Judges EAGLES and GREENE concur.