BRENTON D. ADAMS, TRUSTEE OF THE BRENTON D. ADAMS RETIREMENT PLAN v. BEARD DEVELOPMENT CORPORATION AND H. TERRY HUTCHENS, TRUSTEE

No. 9314SC193

(Filed 16 August 1994)

1. **Interest and Usury § 19 (NCI4th)— action barred by two-year statute of limitations—no interest actually paid by plaintiff**

   Plaintiff was not entitled to double recovery for any usurious interest paid on a promissory note since plaintiff's complaint was filed more than two years after the execution of the note, and the two-year statute of limitations barred plaintiff's claim for forfeiture of interest pursuant to N.C.G.S. § 24-2; furthermore, plaintiff's claim for double recovery failed since he had not actually paid any interest himself.

   **Am Jur 2d, Interest and Usury §§ 307-338.**

2. **Injunctions § 12 (NCI4th)— injunction denied—no reasonable likelihood of prevailing on underlying action—legal remedy available**

   The trial court properly denied a preliminary injunction enjoining defendant from proceeding with a foreclosure sale of property owned by plaintiff subject to the first and second deeds of trust, since plaintiff failed to establish that he was reasonably likely to succeed on the merits of his usury suit, and since he had an adequate legal remedy which would have protected his interests in that he could have tendered the amount demanded by defendant and subsequently brought an action against defendant under N.C.G.S. § 24-2 for double the amount of interest paid.

   **Am Jur 2d, Injunctions §§ 23 et seq.**

Appeal by plaintiff from order entered 19 March 1992 by Judge Henry W. Hight, Jr., and order entered 28 September 1992 by Judge

ADAMS v. BEARD DEVELOPMENT CORP.

[116 N.C. App. 105 (1994)]

Jack A. Thompson in Durham County Superior Court. Heard in the Court of Appeals 7 December 1993.

This action arises out of a promissory note in the principal amount of $3,519.84 and deed of trust dated 19 January 1989, which were executed by Betty J. Hopkins. Hopkins defaulted on the note and a foreclosure sale for the property described as Lot 34 was conducted. Plaintiff was the highest bidder at the foreclosure sale and became the fee simple owner of the property subject to the first and second deeds of trust.

After plaintiff became the fee simple owner of this real estate, defendant Beard Development Corporation demanded a sum in excess of $34,000.00 for the cancellation of its deed of trust and subsequently instituted a proceeding to foreclose. On 4 October 1991, plaintiff filed a complaint, seeking a preliminary injunction to enjoin the foreclosure of the property, a declaration that all interest charges collected on defendant's note were usurious, a further declaration that "there is nothing due under the terms of the note," and an order that the note be marked "Paid in Full." Judge Henry W. Hight, Jr. denied plaintiff's motion for a preliminary injunction on 19 March 1992, and on 28 September 1992, Judge Jack A. Thompson granted summary judgment in favor of defendant Beard. From the orders denying plaintiff's motion for a preliminary injunction and awarding summary judgment for defendant Beard, plaintiff appeals.

*Brenton D. Adams for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Robin K. Vinson, for defendant-appellee Beard Development Corporation.*

McCRODDEN, Judge.

In this appeal, plaintiff brings forward two assignments of error: first, he contends that the trial court erred in failing to enjoin defendant from proceeding with the foreclosure sale pending a judicial determination of the correct amount due on the promissory note; and, second, he assigns as error the granting of summary judgment, alleging that, because of his allegations of usurious interest, there was a genuine issue of material fact as to the correct amount due. For the following reasons, we affirm the orders of the trial judges.

ADAMS v. BEARD DEVELOPMENT CORP.

[116 N.C. App. 105 (1994)]

I.

For a clearer analysis of the questions presented in this appeal, we first address plaintiff's argument that Judge Thompson's order granting summary judgment for defendant was erroneous.

A trial judge may grant a motion for summary judgment only when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990); *Hagler v. Hagler*, 319 N.C. 287, 289, 354 S.E.2d 228, 231 (1987). In ruling on the motion, the trial court must construe all evidence in the light most favorable to the non-moving party. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971).

Plaintiff's forecast of evidence, construed in the light most favorable to him, tends to show the following. On 26 October 1989, plaintiff became the holder of the note secured by a third deed of trust on property described as Lot 34. The note plaintiff held fell into default, triggering a foreclosure sale. At that time, plaintiff purchased the property and became the fee simple owner, subject to two deeds of trust.

The promissory note held by defendant and securing a second deed of trust was in the stated amount of $26,000.00 and contained an interest rate of 18.38%. Defendant claims that the amount due on the note was $43,046.44 as of 11 September 1992, plus costs and attorney's fees. Before plaintiff foreclosed on the note he held, Betty Hopkins, whose debt was evidenced by the deeds of trust, had provided payments constituting principal and interest on the defendant's note within two years of the filing of plaintiff's current lawsuit. Plaintiff, however, had paid no amount on the note.

Plaintiff argues that there was a dispute as to the amount due on the note and that the trial court should not have granted summary judgment when this material fact was at issue. Plaintiff, however, failed in his complaint to request that the trial court determine the amount due on the note held by defendant. As noted above, the thrust of plaintiff's complaint was that the interest defendant charged was usurious and plaintiff prayed the court to declare, among other things, that the note be marked "Paid in Full."

[1] In support of his current argument, plaintiff continues to claim that the interest on the note is usurious and should be forfeited and that he should be awarded double recovery for any interest paid. Sec-

tion 24-2 of the North Carolina General Statutes sets forth the penalties for usury, stating:

> The taking, receiving, reserving or charging a greater rate of interest than permitted by this chapter or other applicable law, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the person or his legal representatives or corporation by whom it has been paid may recover back twice the amount of interest paid in an action in the nature of action for debt.

N.C. Gen. Stat. § 24-2 (1991). Thus, under this statute, there are two statutory penalties for usury: (1) the entire amount of interest due is subject to forfeiture, and (2) the debtor may recover twice the amount of interest paid. N.C.G.S. § 24-2; *Merritt v. Knox*, 94 N.C. App. 340, 342, 380 S.E.2d 160, 162 (1989).

Section 24-2 allows the forfeiture of the entire interest which the note carries with it when there has been a "taking, receiving, reserving or charging a greater rate of interest" than allowed by law. N.C.G.S. § 24-2; *Northwestern Bank v. Barber*, 79 N.C. App. 425, 429, 339 S.E.2d 452, 455, *disc. review denied*, 316 N.C. 733, 345 S.E.2d 391 (1986). The "charging" which constitutes a forfeiture under section 24-2 is the contract, promise, or agreement to a usurious rate of interest, as opposed to the actual collection or payment of that interest. *Northwestern Bank*, 79 N.C. App. at 429, 339 S.E.2d at 455. This remedy is subject to a two-year statute of limitations, N.C. Gen. Stat. § 1-53(3) (1983); *Merritt*, 94 N.C. App. at 342, 380 S.E.2d. at 162, and the limitations period "begins to run from the time an agreement or charge for usurious interest is *first made." Haanebrink v. Meyer*, 47 N.C. App. 646, 649, 267 S.E.2d 598, 600 (1980) (emphasis added).

The law as it has developed in North Carolina and as applied to this case compels us to disagree with plaintiff that his forecast of evidence demonstrates an action for forfeiture of interest. The record on appeal shows only one agreement charging interest at the rate of 18.38%: the promissory note executed by Betty Hopkins on 19 January 1989, secured by a deed of trust to Lot 34. Although plaintiff became the holder of the promissory note secured by the deed of trust on 26 October 1989, the record reveals no other agreement executed by plaintiff. Therefore, the only agreement charging usurious interest is the promissory note dated 19 January 1989. Plaintiff filed

ADAMS v. BEARD DEVELOPMENT CORP.

[116 N.C. App. 105 (1994)]

his complaint seeking, *inter alia*, forfeiture of all interest on 4 October 1991, more than two years after the execution of the promissory note. Hence, the two-year statute of limitations bars plaintiff's claim for forfeiture of interest pursuant to N.C.G.S. § 24-2.

Furthermore, plaintiff's claim to recover twice the amount of interest paid fails since he has not actually paid any usurious interest. The language of N.C.G.S. § 24-2 is clear that "in case a greater rate of interest has been paid, the person . . . by whom it has been paid" may recover twice the amount of interest paid. Thus, to be entitled to recover this penalty for usury, plaintiff must have been charged usurious interest and must have actually paid the usurious interest. *Steed v. First Union National Bank*, 58 N.C. App. 189, 293 S.E.2d 217, *disc. review denied*, 306 N.C. 751, 295 S.E.2d 763 (1982). Although plaintiff states that $4,848.76 in interest has been paid since the execution of the note, the record is clear that Betty Hopkins paid this amount. In addition, the record shows that plaintiff has provided no payments on the note. He is certainly not entitled to recover twice the amount of interest paid by Betty Hopkins. We overrule this assignment of error.

II.

[2] We now address plaintiff's contention that the trial court should have granted a preliminary injunction enjoining defendant Beard from proceeding with the foreclosure sale. The burden is on plaintiff to establish his right to a preliminary injunction. *Superscope, Inc. v. Kincaid*, 56 N.C. App. 673, 675, 289 S.E.2d 595, 596, *disc. review denied*, 305 N.C. 592, 292 S.E.2d 14 (1982). In order to justify issuance of a preliminary injunction, plaintiff must show a likelihood of success on the merits of his case and either that he is likely to sustain irreparable loss unless the injunction is issued or that issuance is necessary for the protection of plaintiff's rights during the course of litigation. *Id.* Issuance of an injunction is a matter of discretion which the trial court exercises after weighing the equities and the advantages and disadvantages to the parties. *Id.*

We believe that the trial court properly denied plaintiff's motion for a preliminary injunction since plaintiff failed to establish that he was reasonably likely to succeed on the merits of his usury suit. As discussed above, the statute of limitations barred plaintiff's action for forfeiture of interest and he is not entitled to a double recovery of interest paid.

Moreover, plaintiff had an adequate legal remedy that would have protected his interests in that he could have tendered the amount demanded by defendant and subsequently brought an action against defendant, under N.C. Gen. Stat. § 24-2, for double the amount of interest paid.

For these reasons, we find that plaintiff failed to establish his right to a preliminary injunction which the trial court properly denied. We overrule this assignment of error.

Affirmed.

Judges JOHNSON and MARTIN concur.