**COLLINS v. HORIZON HOUSING, INC.**

[135 N.C. App. 227 (1999)]

Affirmed.

Judges GREENE and MARTIN concur.

---

RONNIE COLLINS AND PATTI ANN COLLINS, PLAINTIFFS v. HORIZON HOUSING, INC., D/B/A CHOICENTER; REDMAN HOMES, INC.; AND ASHE FEDERAL BANK, DEFENDANTS

No. COA98-1469

(Filed 5 October 1999)

## Sales— Retail Installment Sales Act—not applicable to bank

Summary judgment was properly granted for defendant-bank in an action arising from the purchase of a mobile home where plaintiffs contended that defendant was liable for any claims or defenses plaintiffs had against the seller. Although plaintiffs argued that the bank was subject to the Retail Installment Sales Act because it knew that it was loaning money to purchase a mobile home and so was "indirectly" engaged in furnishing goods and services, that argument is supported by neither logic nor the plain language of the statute. N.C.G.S. § 25A-1.

Appeal by plaintiffs from summary judgment for defendant Ashe Federal Bank entered 18 August 1998 by Judge Howard R. Greeson, Jr., in Ashe County Superior Court. Heard in the Court of Appeals 9 September 1999.

*Don Willey for plaintiff-appellants.*

*Vannoy & Reeves, PLLC, by Jimmy D. Reeves and David A. Jolly, for Ashe Federal Bank, defendant-appellee.*

HORTON, Judge.

On 5 December 1997, Ronnie Collins and his wife, Patti Ann Collins (plaintiffs) filed this action in Ashe County Superior Court against Horizon Housing, Inc., d/b/a Choicenter (Horizon); Redman Homes, Inc. (Redman); and Ashe Federal Bank (defendant Bank) (collectively, defendants), seeking damages and attorney fees arising out of their purchase of a mobile home manufactured by defendant Redman and sold to them by defendant Horizon. Financing for the

purchase was arranged through defendant Bank. A $20,000.00 loan from defendant Bank was secured by the mobile home itself and by Lot 20 of Mountain Shadows Subdivision, located in the City of Jefferson in Ashe County. In connection with their bank loan, plaintiffs executed a statement acknowledging that they were granting defendant Bank a security interest in both the mobile home and Lot 20. Horizon received $19,921.37 of the loan proceeds; the balance of $78.63 was retained by defendant Bank to be applied to the financing costs.

Plaintiffs allege in their complaint that the mobile home they purchased was defectively manufactured, delivered and set up, and that the defendants Redman and Horizon have failed to respond to their complaints, despite repeated requests. They further allege that defendant Bank is the holder of the consumer sales contract and is, therefore, liable for any claims or defenses plaintiffs have against Horizon. Defendant Bank moved to dismiss pursuant to Rule 12(b)(6), moved for attorney fees pursuant to N.C. Gen. Stat. § 6-21.5, and moved for summary judgment. Defendant Bank's motion for summary judgment was allowed by the trial court on 18 August 1998, and plaintiffs appealed. Thereafter, plaintiffs voluntarily dismissed with prejudice their claims against Redman and Horizon.

In support of its motion for summary judgment, defendant Bank filed the affidavit of Martin G. Little, its senior vice-president, who alleged that the Bank's "primary emphasis" is single-family home loans in Ashe and Alleghany Counties; that the Bank provides financing for both mobile and modular homes; that the Bank is not engaged in the sale of goods, and is not affiliated with any mobile home dealer, specifically Horizon; that the Bank deals directly with borrowers, and that plaintiffs approached the Bank directly about a home loan. Plaintiffs filed affidavits in opposition to the motion for summary judgment, stating in pertinent part that defendant Bank was aware that they were borrowing money to buy a Redman home from Horizon, and that the home would be their primary residence; that defendant Bank regularly engages in making loans to Ashe County consumers which finance their purchases of mobile homes and real estate; that the Bank also advertises its home financing services and rates.

Plaintiffs argue that there is a genuine issue of material fact with regard to whether defendant Bank engages in the sale of goods and services, and that the trial court erred in granting summary judgment. Plaintiffs argue that, since the Bank loaned money or gave "value" to

**COLLINS v. HORIZON HOUSING, INC.**

[135 N.C. App. 227 (1999)]

plaintiffs to enable them to acquire a property right in the mobile home, the "money loaned is therefore tied directly to rights acquired by the [plaintiffs] in the mobile home, and so the loan proceeds are tied directly to the sale itself." We disagree.

In an effort to bring defendant Bank into the fray, plaintiffs contend that the Bank is subject to Chapter 25A of the North Carolina General Statutes, the Retail Installment Sales Act. Yet that Act specifically states that it "does not apply to a bona fide direct loan transaction in which a lender makes a direct loan to a borrower, and such lender is not regularly engaged, directly or indirectly, in the sale of goods or the furnishing of services as defined in this Chapter." N.C. Gen. Stat. § 25A-1 (1986). Plaintiffs argue that the Bank is "indirectly" engaged in the furnishing of goods and services because it knew that it was loaning plaintiffs money to purchase a mobile home. Plaintiffs are unable to cite any authority to support their strained reading of the Retail Installment Act, but do cite the case of *Steed v. First Union National Bank*, 58 N.C. App. 189, 293 S.E.2d 217, *disc. review denied*, 306 N.C. 751, 295 S.E.2d 763 (1982). Plaintiffs contend that *Steed* stands for the proposition that "banks have no automatic exemption from liability under North Carolina's Retail Installment Sales Act." However, *Steed* did not involve a direct loan transaction. In *Steed*, First Union National Bank was the assignee of the original seller, Connor Mobile Homes, which arranged the original financing. The action was one to collect allegedly unauthorized default charges levied by First Union.

Plaintiffs' arguments are supported by neither logic nor the plain language of the statute. Carried to its logical extreme, plaintiffs' arguments would subject all financial institutions engaged in making loans to prospective home buyers to liability, thus hampering the efforts of such prospective buyers to achieve the dream of home ownership. The trial court properly granted summary judgment for defendant Bank.

It appears from the record that the Bank's motion for attorney fees was not ruled on by the trial court, but is still outstanding in the lower court.

Affirmed.

Judges GREENE and TIMMONS-GOODSON concur.