JEFFREY SCOTT MATHIS and SHIRLEY CLIFTON MATHIS, Plaintiffs v. SUSAN BELINDA HOFFMAN, Defendant

No. COA11-45

(Filed 21 June 2011)

**Injunctions— right to enter property—fence mistakenly built on neighbor's property**

The trial court did not err in a declaratory judgment action by granting plaintiffs' motion to allow them to enter upon defendant's property to remove and relocate a fence mistakenly constructed on defendant's property, and requiring plaintiffs to pay the costs of this procedure including any damage that may be caused to defendant's property. It was within the trial court's discretion to consider whether the injunctive relief sought was an appropriate remedy.

Appeal by defendant from judgment entered 2 December 2010 by Judge Mark E. Klass in Gaston County Superior Court. Heard in the Court of Appeals 23 May 2011.

*Gray, Layton, Kersh, Solomon, Furr, & Smith, P.A., by Ted F. Mitchell, for plaintiffs-appellees.*

*Arthurs & Foltz, LLP, by Douglas P. Arthurs, for defendant-appellant.*

MARTIN, Chief Judge.

Plaintiffs Jeffrey Scott Mathis and Shirley Clifton Mathis and defendant Susan Belinda Hoffman are owners of two adjoining parcels of land. In December 2004, plaintiffs hired a contractor to

construct a fence between the two parcels. The cost of the fence to plaintiffs was over $15,000. In August 2008, plaintiffs learned that, after defendant and her daughter ran a string along what they believed to be the property boundary, defendant contended the fence had been built on her property. Shortly thereafter, defendant had the property surveyed to determine the true property boundary. Defendant then informed plaintiffs that the survey indicated the fence was built on defendant's property, though she refused to provide plaintiffs with a copy of the survey. In April 2009, plaintiffs initiated a special proceeding pursuant to N.C.G.S. § 38 3 to ascertain the true location of the property boundary. As a result of the proceeding, the boundary between the two parcels was judicially established, and it was confirmed that the fence had been constructed on defendant's property.

Plaintiffs offered to relocate the fence to their property at no cost to defendant. Plaintiffs estimate this relocation would cost approximately $2,000. However, defendant has refused to allow plaintiffs to remove the fence. On at least two occasions, defendant has contacted local law enforcement and accused plaintiffs of trespassing after plaintiffs tried to remove and relocate the fence.

Plaintiffs brought the present action on 22 February 2010 seeking a declaratory judgment of the parties' rights; an injunction granting plaintiffs the right to remove the fence and relocate it to their property; and for such other relief as the trial court deemed just and reasonable. The parties filed cross-motions for summary judgment and the trial court granted plaintiffs' motion, granting plaintiffs the right to enter upon defendant's property to remove and relocate the fence and requiring plaintiffs to pay the costs of this procedure including any damage that may be caused to defendant's property. Defendant appeals.

We review a trial court's order for summary judgment under a *de novo* standard of review. *See Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007). Because the parties appear to agree that there is no genuine issue of material fact we only consider whether plaintiffs are entitled to summary judgment as a matter of law.

Defendant contends the trial court exceeded its authority in granting plaintiffs' motion for summary judgment. However, in examining defendant's contention, it must be remembered that "[w]hen equitable relief is sought, courts claim the power to grant, deny, limit, or shape that relief as a matter of discretion." *Roberts v. Madison Cty. Realtors Ass'n*, 344 N.C. 394, 399, 474 S.E.2d 783, 787 (1996). And

the "[i]ssuance of an injunction is a matter of discretion which the trial court exercises after weighing the equities and the advantages and disadvantages to the parties." *Adams v. Beard Dev. Corp.*, 116 N.C. App. 105, 109, 446 S.E.2d 862, 865 (1994).

Defendant contends she was entitled to a choice of either allowing plaintiffs to remove the improvement or being subject to a claim of unjust enrichment. Defendant maintains that because she chose to not allow plaintiffs to remove the improvement, the trial court exceeded its authority in granting plaintiffs' motion for summary judgment. In support of her contention, defendant cites *Beacon Homes, Inc. v. Holt*, 266 N.C. 467, 146 S.E.2d 434 (1966). Her reliance on *Beacon Homes*, however, is misplaced, as the relevant issue in that case was whether the plaintiff had alleged facts from which a jury could find that the defendant property owner had been unjustly enriched. *Id.* at 470, 146 S.E.2d at 437. The Court in *Beacon Homes* never held that a defendant property owner must be allowed to choose what remedy she prefers to offer a plaintiff who has mistakenly constructed an improvement on the defendant's property.

Defendant's reliance on *Siskron v. Temel-Peck Enterprises, Inc.*, 26 N.C. App. 387, 216 S.E.2d 441 (1975), as support for her contention that she was entitled to a choice of what remedy she preferred to offer plaintiffs, is likewise misplaced. In *Siskron*, a contractor had performed work for a lessee of a hotel property under the mistaken belief that the lessee was the actual owner of the property. *Id.* at 388, 216 S.E.2d at 443. Before the contractor was paid for the work, the lessee defaulted and the actual owner reentered the property. *Id.* at 389, 216 S.E.2d at 443. The contractor then brought a claim of unjust enrichment against the owner seeking the value of the improvements he had made on the property. *Id.* at 388, 216 S.E.2d at 443. The Court held that the defendant had not been unjustly enriched because he was never given "an opportunity to either reject the benefits in advance of their bestowal or to return them after they had been conferred." *Id.* at 391, 216 S.E.2d at 444. The Court explained that it would be inequitable to allow the plaintiff to remove the improvements because it would have required the defendant to temporarily close his hotel. *Id.* at 391, 216 S.E.2d at 445.

In the present case, however, there is no indication that the injunction issued by the trial court is inequitable. Here plaintiffs, not defendant, will bear the financial burden of the fence removal and relocation, including any damage that may be caused to defendant's

property. Furthermore, it was within the trial court's discretion to consider whether the injunctive relief sought was an appropriate remedy. *See Roberts*, 344 N.C. at 399, 474 S.E.2d at 787 ("[T]he injunction is a potential remedy in any case in which it may provide significant benefits that are greater than its costs or disadvantages."). The record indicates that the fence originally cost $15,000, while removing and relocating the fence will cost only $2,000. Given the disparity between these two amounts, it was within the discretion of the trial court to find it equitable to allow plaintiffs to remove and relocate the fence. In light of these considerations, we hold the trial court did not exceed its authority in granting plaintiffs' motion for summary judgment.

Because defendant fails to provide any relevant legal support for her remaining arguments, we decline to address them. *See* N.C.R. App. P. 28(b)(6).

Affirmed.

Judges STEPHENS and THIGPEN concur.