GRUBB PROPERTIES, INC., PLAINTIFF v. SIMMS INVESTMENT COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. COLDWELL BANKER COMMERCIAL GROUP, INC., D/B/A COLDWELL BANKER COMMERCIAL REAL ESTATE SERVICES, THIRD-PARTY DEFENDANT

No. 9026SC273

(Filed 5 February 1991)

**Limitation of Actions § 8.1 (NCI3d)— reformation of deed—fraud or mutual mistake—statute of limitations**

Summary judgment was correctly granted for defendant in an action to reform a deed for an apartment complex based on fraud or mutual mistake in that an adjacent undeveloped parcel was not included in a deed where the mistake or discrepancy in the deed should have been discovered by the exercise of diligence at least by 30 May 1984, when plaintiff filed its declaration converting the apartment complex to condominiums, and plaintiff's complaint was not filed within three years of that date.

**Am Jur 2d, Reformation of Instruments §§ 90, 91.**

**What statute of limitations governs action to reform instrument. 36 ALR2d 687.**

APPEAL by plaintiff from order entered 21 December 1989 by *Judge Chase B. Saunders* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 26 September 1990.

Plaintiff's action to reform, on the grounds of fraud or mutual mistake, a deed received from defendant on 2 May 1984 was dismissed by summary judgment following a hearing at which depositions, documents, and other materials were considered. The deed in controversy conveyed a 21.247 acre tract of Charlotte real estate upon which was situated an apartment complex consisting of a clubhouse, swimming pool, and twenty two-story buildings. The action was filed on 22 April 1988 and the reformation sought is to have the deed include an adjacent undeveloped 1.283 acre parcel that defendant also owns. Defendant denied the allegations of fraud and mutual mistake, averred that plaintiff received all the land that it bargained for, and pled various defenses, including the three-year statute of limitations. In pertinent part, the materials before the court, when viewed in the most favorable light to plaintiff, show the following:

**GRUBB PROPERTIES, INC. v. SIMMS INVESTMENT CO.**

[101 N.C. App. 498 (1991)]

In 1979 defendant became the owner of the Orchard Trace apartment complex which had been built in 1972 on a 21.247 acre tract of Mecklenburg County land according to a certain survey. In financing the transaction defendant encumbered the 21.247 acre tract with a deed of trust and conveyed to the trustee and future owners of the property the right to use a water main and pipeline that ran across and was situated on an adjacent 1.283 acre parcel of undeveloped land. In early 1984, the third-party defendant Coldwell Banker, a real estate broker, learned that defendant wanted to sell Orchard Trace complex and negotiated an agreement, not a listing, under which it would receive a commission if it obtained a buyer. In negotiating the brokerage agreement the 1.283 parcel was not mentioned, and defendant intended to sell only the larger tract upon which the apartment complex was situated. The broker, noting that the county tax maps showed that defendant's property at that location amounted to 22.53 acres, prepared a sales brochure which contained photographs of the apartment buildings and various informative statements, including the following: That the complex contained a clubhouse, swimming pool, tennis courts, playground and 252 apartments of specified sizes, which were furnished with drapes, carpets, and certain electric appliances; what the recent average rentals and expenses had been; that the land contained 22.53 acres; that prospective buyers should independently verify all information stated. Plaintiff, a Davidson County corporation operated largely by its vice-president, a Lexington, N. C. attorney, was looking for apartments that could be profitably converted to condominiums. On 27 March 1984, after its vice-president had seen the broker's sales brochure, looked the property over several times, and been told by the broker that the property offered included the undeveloped land adjacent to the entranceway to the complex — upon which a sign identifying the apartments was situated — plaintiff agreed to buy the property and close the transaction on 1 May 1984. The written contract described the land by metes and bounds and stated that it contained 21.247 acres according to an identified survey. In closing the transaction on 2 May 1984 defendant delivered to plaintiff the following documents, each of which contained the same metes and bounds description as the sales contract and stated that the property contained 21.247 acres: (a) The warranty deed; (b) an affidavit that there had been no recent construction on the property; (c) an assignment of defendant's interests in the apartment leases, equipment, plans and surveys; and (d) a bill of sale for the personal property situated on the premises. In the closing

plaintiff executed an assumption of defendant's existing deed of trust, a note for $4,270,000, and a new deed of trust, each of which described the property encumbered precisely as did the contract, deed, and other papers. Before the closing plaintiff did not have time to have the property surveyed and its vice-president did not check the legal description in the deed against the apparent boundaries of the property. If he had done so he would have discovered that the small undeveloped tract was not included, for one of its boundaries is along the complex entranceway, Orchard Trace Lane, for more than 300 feet, and another is adjacent to U.S. Highway 29 and N.C. Highway 49 for more than 150 feet, and the deed contains no similar calls. Before closing plaintiff did have a real estate lawyer do a title search, but whether the search discovered that the 1.283 acre parcel was not included in either the deed of trust then on the property or the deed to plaintiff does not appear. If plaintiff's vice-president noticed that the deed was for less acreage than that stated in the sales brochure it did not concern him, as plaintiff's main interest was not in acquiring a certain number of acres but the land he thought they were getting, and he thought the 1.283 acre parcel was included and was essential to their conversion of the property to condominiums. On 30 May 1984, after having the property surveyed, plaintiff converted the apartment complex to a condominium complex by executing and recording a Declaration of Orchard Trace Condominiums that described the land identically as the deed and other documents above mentioned. In preparing the Declaration plaintiff's vice-president did not compare the legal description of the property in the deed with the survey and, as he conceded, if he had done so he would certainly have detected that the 1.283 acre parcel was not included. In selling the condominiums plaintiff used a brochure that contained a map of the property that did not include the 1.283 acre parcel and its deeds to approximately 200 condominium buyers described the real estate precisely as did the deed and other documents mentioned. In April, 1988, by letter, defendant's lawyer notified plaintiff's lawyer that defendant had noticed that plaintiff's sign was still on the vacant parcel, that it had no right to so use the property, and asked that plaintiff either remove the sign or pay a monthly rental of $50. Before then, plaintiff's vice-president had not compared the description of the property in the deed with either the survey or the boundaries of the property he thought had been conveyed, and it was at that time that he discovered that the 1.283 parcel had not been included in the deed.

*J. Rodwell Penry, Jr.; and Brinkley, Walser, McGirt, Miller, Smith & Coles, by D. Clark Smith, Jr. and Stephen W. Coles, for plaintiff appellant.*

*House & Blanco, P.A., by John S. Harrison, for defendant appellee Simms Investment Company.*

PHILLIPS, Judge.

In seeking to reverse the dismissal of its action to reform defendant's deed to include an adjacent parcel of land allegedly left out because of fraud or mutual mistake, plaintiff appellant presents four questions, only one of which has to be resolved. For the materials of record establish as a matter of law that even if plaintiff's action is supportable by evidence, as to which no opinion is expressed, it is barred by G.S. 1-52(9), the applicable three-year statute of limitations.

Under G.S. 1-52(9), as plaintiff concedes, its cause of action accrued not when plaintiff discovered that the adjacent parcel of land was not included in the deed, but when that fact should have been discovered in the exercise of reasonable diligence. *Bennett v. The Anson Bank & Trust Company*, 265 N.C. 148, 143 S.E.2d 312 (1965). When a discrepancy or mistake in a deed or other document should be discovered in the exercise of reasonable diligence depends upon the circumstances of each case and is ordinarily a question of fact for the jury, particularly when the evidence is inconclusive or conflicting. *Huss v. Huss*, 31 N.C. App. 463, 230 S.E.2d 159 (1976). But where the evidence is clear and shows without conflict that the claimant had both the capacity and opportunity to discover the mistake or discrepancy but failed to do so the absence of reasonable diligence is established as a matter of law. *Moore v. Fidelity and Casualty Company of New York*, 207 N.C. 433, 177 S.E. 406 (1934).

Applying these principles of law to the uncontradicted materials before the court, we hold that the mistake or discrepancy in the deed that plaintiff complains of should have been discovered through the exercise of due diligence, at least by 30 May 1984, when plaintiff filed its Declaration converting the apartment complex to condominiums, and that the action filed nearly four years later is barred. For at that time, if not before, plaintiff certainly had both the capacity and opportunity to discover that the 1.283 acre tract was not included in the deed by simply comparing the deed legal

GIBBONS v. CIT GROUP/SALES FINANCING

[101 N.C. App. 502 (1991)]

description with the survey of the property that it had recently received, and under the rule laid down in *Moore* the action then accrued. And the action accrued on 30 May 1984, if not before, for another reason: In converting the property to condominiums preparatory to selling them to the public plaintiff had the positive duty to exercise reasonable care in describing the converted land, and its failure to take the simple steps that would have enabled it to ascertain that the 1.283 acre parcel had not been conveyed to it cannot be equated with reasonable care. Whether in the exercise of reasonable diligence plaintiff should have discovered the discrepancy or mistake at the closing, even though it had not received the survey — a question much argued in the briefs — need not be determined, and we express no opinion about it.

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.