WAYNE SHEPARD AND ROSEMARY SANDERS SHEPARD, PLAINTIFFS V. OCWEN FEDERAL BANK, FSB AND WELLS FARGO BANK MINNESOTA, AND DONALD T. RITTER, IN HIS CAPACITY AS TRUSTEE, DEFENDANTS

No. COA04-1634

(Filed 16 August 2005)

**Statutes of Limitation and Repose— usury—loan origination fee—accrual at closing**

    Plaintiffs' claim for usury arising from a loan origination fee was properly dismissed for violation of the statute of limitations where plaintiffs filed their complaint more than two years after the closing date and accrual of the cause of action. Plaintiffs were on notice of the origination fees, had all the necessary information before and on the closing date, and could have paid the loan origination fee up front with cash, check, or credit card rather than financing it with their loan proceeds. The loan origination fee was "fully earned" by the mortgage broker on the closing date, when it was paid in full. N.C.G.S. § 24-10(g).

    Judge BRYANT dissenting.

Appeal by plaintiffs from order entered 8 July 2004 by Judge Charles H. Henry in New Hanover County Superior Court. Heard in the Court of Appeals 15 June 2005.

*Financial Protection Law Center, by Mallam J. Maynard, Maria D. McIntyre, and Chandra T. Taylor, for plaintiffs-appellants.*

*Kellam & Pettit, P.A., by William Walt Pettit, for defendants-appellees.*

*Hartzell & Whiteman, LLP, by J. Jerome Hartzell, for Amicus Curiae The North Carolina Academy of Trial Lawyers.*

*Seth P. Rosebrock, for Amicus Curiae Center for Responsible Lending.*

*Carlene McNulty, for Amicus Curiae North Carolina Justice Center.*

*Hazel Mack-Hilliard, for Amicus Curiae Legal Aid of North Carolina, Inc.*

*Andrea Young Bebber, for Amicus Curiae Legal Services of Southern Piedmont, Inc.*

*William J. Whallen, for Amicus Curiae Pisgah Legal Services.*

TYSON, Judge.

Wayne Shepard and wife, Rosemary Sanders Shepard ("plaintiffs") appeal from the trial court's grant of Rule 12(b)(6) motions to dismiss filed by Wells Fargo Bank Minnesota, N.A. ("Wells Fargo") and Ocwen Federal Bank, FSB ("Ocwen") (collectively, "defendants"). We affirm.

## I. Background

Plaintiffs obtained a second mortgage loan secured by their residential real property from Chase Mortgage Brokers, Inc. ("Chase"). The closing date for the loan was 25 July 1997. Plaintiffs were charged a loan origination fee by Chase. This fee was deducted from the loan proceeds and "wrapped" into the loan to be repaid over the course of several months. The loan was first assigned to Ocwen and later to Wells Fargo.

Plaintiffs filed this action against defendants on 3 May 2002 alleging the loan origination fee was usurious and illegal. The complaint asserted violations of N.C. Gen. Stat. § 24-1 *et seq.*, N.C. Gen. Stat. § 75-1.1, sought reformation of the loan itself, treble damages, and attorneys' fees. Defendant Donald T. Ritter was the trustee of the original deed of trust and was joined as a party in the action for the reformation claim.

On 9 January 2004, Wells Fargo moved to dismiss plaintiffs' complaint under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Wells Fargo affirmatively asserted and argued plaintiffs' claims were precluded by expiration of the applicable statute of limitations. The trial court heard Wells Fargo's motion and a similar motion to dismiss filed by Ocwen during its 3 May 2004 civil session.

The trial court granted defendants' motions to dismiss on 8 July 2004 based on plaintiffs' failure to file within the expiration of the applicable statute of limitations. Plaintiffs appeal.

## II.  Issue

The sole issue before this Court is whether the trial court properly determined the statute of limitations for plaintiffs' claims had expired and dismissed plaintiffs' complaint.

## III.  Usury Law

Plaintiffs argue the trial court erred by dismissing their claims under N.C. Gen. Stat. § 24-1 *et seq.* for expiration of the applicable statute of limitations. We disagree.

### A.  Standard of Review

In reviewing the trial court's grant of a Rule 12(b)(6) motion to dismiss, we must determine whether "as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Considine v. Compass Grp. USA, Inc.*, 145 N.C. App. 314, 316-17, 551 S.E.2d 179, 181 (citing *Lynn v. Overlook Development*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991)), *aff'd*, 354 N.C. 568, 557 S.E.2d 528 (2001); *see also* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2003). The trial court's dismissal is affirmed only if " 'it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.' " *Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997) (quoting *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987)).

> Dismissal of a complaint under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim.

*Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986) (citing *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985)).

### B.  Statute of Limitations

The trial court dismissed plaintiffs' complaint under Rule 12(b)(6) on the ground it disclosed a defect to defeat plaintiffs'

claims. "A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996). "Once a defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period is on the plaintiff. A plaintiff sustains this burden by showing that the relevant statute of limitations has not expired." *Id.* (citations omitted).

Here, defendants asserted the affirmative defense of expiration of the applicable statute of limitations to plaintiffs' claims. The statute of limitations for a claim under the usury statutes of N.C. Gen. Stat. § 24-1 *et seq.* is two years. N.C. Gen. Stat. § 1-53(2)-(3) (2003). The issue before us is the date the two year period accrues. "Ordinarily, the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues. The cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed." *Davis v. Wrenn*, 121 N.C. App. 156, 158-59, 464 S.E.2d 708, 710 (1995) (quotation omitted), *cert. denied*, 343 N.C. 305, 471 S.E.2d 69 (1996).

Generally, the question of when a cause of action accrues is a factual determination. *Spears v. Moore*, 145 N.C. App. 706, 708, 551 S.E.2d 483, 485 (2001). However, "where the evidence is clear and shows without conflict that the claimant had both the capacity and opportunity to discover" the underlying issue but failed to do so, "the absence of reasonable diligence is established as a matter of law." *Grubb Properties, Inc. v. Simms Investment Co.*, 101 N.C. App. 498, 501, 400 S.E.2d 85, 88 (citing *Moore v. Casualty Co.*, 207 N.C. 433, 177 S.E. 406 (1934)), *aff'd*, 328 N.C. 267, 400 S.E.2d 36 (1991). We review *de novo* questions of law. *In re Appeal of the Greens of Pine Glen Ltd. Part.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *Id.* (citing *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002)).

The United States District Court for the Middle District of North Carolina addressed this issue in *Faircloth v. Nat'l Home Loan Corp.*, 313 F. Supp. 2d 544 (M.D.N.C. 2003), *aff'd*, 87 Fed. Appx. 314 (4th Cir. 2004) (unpublished). There, the class action plaintiffs asserted the identical causes of action for violations of North Carolina's Usury Statutes and Unfair and Deceptive Trade Practices Act as plaintiffs do here. *Id.* at 548. The defendants in *Faircloth* asserted the plaintiffs'

causes of action accrued on the closing date and the plaintiffs' complaint was filed after expiration of the applicable statutes of limitation. *Id.* at 552. The court agreed. "[T]he wrong that continues over time, however, is different from a wrong which comes into existence or becomes known only after a passage of time . . . . [T]he alleged statutory violation, though continuing, is solitary and that a solitary action is distinguishable from wrongs that are perpetrated seriatim." *Id.* at 552-53 (citing and quoting *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977 (M.D.Md. 2002), *aff'd*, 92 Fed. Appx. 93 (2004)). The *Miller* court concluded:

> More than three years before filing his suit, at the closing of the loan, [the plaintiff] had sufficient knowledge of circumstances indicating he might have been harmed. The allegedly illegal fees were itemized on the face of the loan documents he signed on that date. The continued charging, collecting, and receiving of those fees by the lender or its assignees do not continuously renew the accrual of his cause of action.

224 F. Supp. 2d at 990, n. 6.

Citing *Miller*, the *Faircloth* court determined, "the running of the statute of limitations for the plaintiff's cause of action began at the loan closing because the alleged wrong was not of a type that could become known only after a passage of time and because the alleged wrong, though continuing, arose from one unitary action." 313 F. Supp. 2d at 553. The court held the statutes of limitation for both causes of action accrued on the closing date and expired prior to the plaintiffs filing their complaint. *Id.* at 554.

Although we are not bound by federal case law, we may find their analysis and holdings persuasive. *Soderlund v. Kuch*, 143 N.C. App. 361, 370, 546 S.E.2d 632, 638 ("With the exception of the United States Supreme Court, federal appellate decisions are not binding upon either the appellate or trial courts of this State."), *disc. rev. denied*, 353 N.C. 729, 551 S.E.2d 438 (2001); *Huggard v. Wake County Hospital System*, 102 N.C. App. 772, 775, 403 S.E.2d 568, 570 (1991) ("As an interpretation of state law by a federal court, this holding is not binding on us; however, we find its analysis persuasive."), *aff'd*, 330 N.C. 610, 411 S.E.2d 610 (1992); *House v. Hillhaven, Inc.*, 105 N.C. App. 191, 195, 412 S.E.2d 893, 896 (Federal cases, although not binding on this Court, are instructive and persuasive authority.), *disc. rev. denied*, 331 N.C. 284, 417 S.E.2d 251 (1992). We hold the Middle District's analysis and resolution of the issue at bar is correct.

Plaintiffs' claim against defendants arises out of alleged misrepresentations of terms and conditions of the loans, excessive loan origination fees and costs, and inflated expenses. However, all details of the loan, including interest rate, fees, and expenses, were fully disclosed in the loan documents to plaintiffs prior to closing. This shows plaintiffs had "both the capacity and opportunity to discover" their claim, but failed to do so. *Grubb Properties, Inc.*, 101 N.C. App. at 501, 400 S.E.2d at 88. Plaintiffs were on notice of the pertinent terms and conditions of the loan. We further note that N.C. Gen. Stat. § 24-10(g) (2003) states in part, "The fees . . . are *fully earned* when the loan is made . . . ." The alleged wrongdoing by defendants accrued and was complete upon the closing of the loan. Plaintiffs' right to initiate an action accrued. *See Davis*, 121 N.C. App. at 158-59, 464 S.E.2d at 710 ("Ordinarily, the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues. The cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed.").

Plaintiffs assert the interest and expenses associated with the loan origination fee should be treated the same as interest based on the underlying loan. Thus, the statute of limitations would accrue on the date of payment, not the date of closing. As authority, they cite our Supreme Court's decisions in *Hollowell v. B. & L. Association*, 120 N.C. 286, 26 S.E. 781 (1897) and *Swindell v. Federal National Mortgage Assn.*, 330 N.C. 153, 409 S.E.2d 892 (1991). In *Hollowell*, the plaintiff borrowed $1,000.00 from the defendant. 120 N.C. at 287, 26 S.E. at 781. The defendant charged plaintiff both interest and "dues" to be paid each month, as required by the loan contract. *Id.* The plaintiff argued that the combination of the required interest and "dues" were usurious. *Id.* The defendant asserted the monthly "dues" did not count towards the usury limit. *Id.* at 288, 26 S.E. at 781-82. The Court held, "whatever is collected over and above 6 per cent, whether called interest or "dues" is, in fact, interest and usurious." *Id.* at 287, 26 S.E. at 781. Our review of *Hollowell* indicates an important distinction from plaintiffs' complaint. There, the defendant *required* the plaintiff to pay the "dues" every month during the term of the loan. *Id.* Here, plaintiffs were free to pay the loan origination fee up front and not to finance it with proceeds from the loan.

In *Swindell*, the plaintiff "executed an adjustable rate note secured by a deed of trust on a home for $112,500.00" from a mortgage lender. 330 N.C. at 155, 409 S.E.2d at 893. The defendant pur-

chased the note from the mortgage lender. *Id.* The loan contract included a provision for late payment penalties for untimely payments toward the note. *Id.* The late payment interest rate exceeded the State's usury limits and the plaintiffs filed a complaint seeking declaratory relief. *Id.* at 155-56, 409 S.E.2d at 893-94. The defendant argued the late charge was not usurious under the statutes. *Id.* at 156, 26 S.E. at 894. The Court held differently, interpreting late fees governed by N.C. Gen. Stat. § 24-10.1 to be interest and subject to the usury laws. *Id.* at 157-58, 409 S.E.2d at 895. Like *Hollowell*, we hold a distinction exists between a *required* late payment fee that may or may not be charged and a loan origination fee that plaintiffs have the option and right to pay up front to avoid accrued interest.

Plaintiffs also argue the two year statute of limitations accrues individually for each date of payment of interest and runs forward. Plaintiffs cite this Court's decisions in *Haanebrink v. Meyer*, 47 N.C. App. 646, 267 S.E.2d 598 (1980) and *Merritt v. Knox*, 94 N.C. App. 340, 380 S.E.2d 160 (1989). However, our review of *Haanebrink* and *Merritt* shows the usurious interest rates at issue were related to the actual promissory notes, not an origination fee. 47 N.C. App. at 650, 267 S.E.2d at 600; 94 N.C. App. at 342, 380 S.E.2d at 162. Here, the purported illegal loan and interest at issue derives from a loan origination fee. Although plaintiffs make periodic payments toward the loan, the fee was paid on the date of closing out of the loan proceeds.

We hold the closing date, 25 July 1997, is the date of accrual of plaintiffs' claim as a matter of law. *Grubb Properties, Inc.*, 101 N.C. App. at 501, 400 S.E.2d at 88. Plaintiffs were on notice of the origination fees and had all the necessary information prior to and on the date of closing. Chase did not *require* plaintiffs to finance the loan origination fee. Plaintiffs legally had the option of paying the loan origination fee up front with cash, check, or credit card, rather than financing it with their loan proceeds. Chase "fully earned" the loan origination fee on the closing date, when it was paid in full.

Plaintiffs did not file their complaint until 3 May 2002, more than two years after the closing date and accrual of the cause of action. The statute of limitations elapsed on 25 July 1999. The trial court properly dismissed plaintiffs' claim under N.C. Gen. Stat. § 24-1 *et seq. See Jackson v. Bumgardner*, 318 N.C. at 175, 347 S.E.2d at 745 (A trial court's grant of a 12(b)(6) motion to dismiss is proper when some fact disclosed in the complaint necessarily defeats plaintiff's claim.). This assignment of error is overruled.

## IV. Unfair and Deceptive Trade Practices

Plaintiffs concede their unfair and deceptive trade practices claim derives from their usury claim. Thus, they stipulated should this Court hold the trial court erred in determining the usury claim was time-barred the same would apply to their unfair and deceptive trade practices claim. In light of our holding that plaintiffs' usury claim was barred by the applicable statute of limitations, plaintiffs' argument is moot. Plaintiffs stipulate in their brief that their claim under N.C. Gen. Stat. § 75-1.1 is otherwise time-barred under the applicable statute of limitations. In light of our holding on plaintiffs' usury claim and plaintiffs' stipulation, we do not reach the issue of whether the trial court properly dismissed plaintiffs' claim under N.C. Gen. Stat. § 75-1.1. This assignment of error is dismissed.

## V. Conclusion

Defendants properly asserted the affirmative defense of expiration of the applicable statute of limitations to plaintiffs' cause of action for usury under N.C. Gen. Stat. § 24-1 *et seq.* The accrual date for claims based on loan origination fees fully earned and paid on the closing date is the closing date. Plaintiffs' stipulation to the correctness of the trial court's dismissal of their unfair and deceptive trade practices claim renders this argument moot and precludes our review of that issue. The trial court's order granting defendants' motions to dismiss is affirmed.

Affirmed.

Judge McCULLOUGH concurs.

Judge BRYANT dissents.

BRYANT, Judge dissenting.

The majority holds the statute of limitations for plaintiffs' claims under Chapter 24 (N.C. Gen. Stat. § 24-1 *et seq.*) had expired and therefore plaintiffs' complaint was properly dismissed. For the reasons which follow, I respectfully dissent from the majority opinion.

Plaintiffs brought their action alleging the loan origination fee, charged by defendant and rolled back into plaintiff's high-end second mortgage loan was usurious and illegal under Chapter 24. There are two statutory penalties for usury in N.C.G.S. § 24-2 and each penalty

has a two-year statute of limitations. See N.C. Gen. Stat. § 1-53(2) (2003). However, the point at which the statute of limitations begins to run is different depending on whether the plaintiff seeks forfeiture or double recovery. "The statute runs from the date of payment for the double-recovery remedy, and from the date of the agreement for the forfeiture remedy." *Merritt v. Knox*, 94 N.C. App. 340, 342, 380 S.E.2d 160, 162 (1989) (citing *Haanebrink v. Meyer*, 47 N.C. App. 646, 267 S.E.2d 598 (1980)). Here, plaintiffs seek only the double-recovery remedy, yet the majority holds the statute of limitations runs from the date of the loan closing. That holding is contrary to our statutory and common law. As our court has stated:

> It is well settled that the statute of limitations on the recovery of twice the amount of interest paid begins to run upon **payment** of the usurious interest. The right of action to recover the penalty for usury paid accrues upon each payment of usurious interest giving rise to a separate cause of action to recover the penalty therefor, which action is barred by the statute of limitations at the expiration of two years from such payment.

*Haanebrink v. Meyer*, 47 N.C. App. 646, 648, 267 S.E.2d 598, 599 (1980) (citations omitted) (emphasis added).

The dispositive issue concerns when the two-year statute of limitations period begins to accrue. The majority cites a North Carolina federal district court case, which was upheld by the Fourth Circuit in support of its conclusion that the statute of limitations accrues on the loan closing date. *Faircloth v. Nat'l Home Loan Corp.*, 313 F. Supp. 2d 544 (M.D.N.C. 2003), *aff'd*, 87 Fed. Appx. 314 (4th Cir. 2004) (unpublished) (holding the plaintiff's cause of action began at loan closing because no time had to pass before the plaintiff could discover a wrong had been committed against him, because the illegal fees were itemized on the face of the loan documents the day he signed them). It is well established in our jurisprudence that decisions from the Fourth Circuit and other federal appeals courts are not binding on North Carolina state courts as to issues involving North Carolina law. *See, e.g. Harter v. Vernon*, 101 F.3d 334, 342 (4th Cir. 1996); *and State v. Guice*, 141 N.C. App. 177, 187, 541 S.E.2d 474, 481 (2000). In fact, the *Faircloth* court ignored well-settled North Carolina law and used a peculiar analysis in attempting to distinguish "interest" and "fees". Nevertheless, the majority, relying on *Faircloth*, states the limitations period in the instant case began to accrue on the loan closing date because the usurious origination fee

was disclosed on the face of the loan, giving plaintiffs the opportunity to discover that a wrong had been committed against them.

The majority, incorrectly applies a "reasonable diligence" standard when stating plaintiffs' lack of reasonable diligence can be established as a matter of law because plaintiffs had the opportunity on the loan closing date to discover a wrong had been committed against them. Our Supreme Court has made it clear that the purpose of the Interest Statutes in Chapter 24 is to protect North Carolina borrowers, and the burden of expertise to know the legality of rates is placed on the lender.

> The purpose of chapter 24 is to further "the "paramount policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws". N.C.G.S. § 24-2.1 (1986). . . . The statute relieves the borrower of the necessity for expertise and vigilance regarding the legality of rates he must pay. That onus is placed instead on the lender, whose business it is to lend money for profit and who is thus in a better position than the borrower to know the law.

*Swindell v. Federal Nat'l Mortg. Ass'n*, 330 N.C. 153, 160, 409 S.E.2d 892, 896 (1991). Because the Interest Statutes as interpreted by our Supreme Court clearly avoid placing the burden on borrowers to know a wrong has been committed against them when it relates to usurious interest rates, the absence of reasonable diligence cannot be established as a matter of law. In addition, any attempt to impose such an onus on the borrower to discover illegal fees is not only against the plain reading of the statute, but would set a dangerous precedent. The General Assembly could not have intended to leave borrowers unprotected from lenders who circumvent usury penalties by charging illegal fees, then claim the borrower had the opportunity to discover the wrong on the closing date, and therefore the borrower's failure to discover precludes any action brought more than two years after the closing date. Such a result is exactly what the statutes were designed to prevent.

The majority seems to conclude the wrong is complete because the fees are "fully earned", referring to a portion of the statute which sentence reads, "The fees . . . are fully earned when the loan is made and are not a prepayment penalty under this Chapter or any other law of this State." N.C. Gen. Stat. § 24-10(g) (2003). Here, however, the usurious loan origination fee is in the nature of a prepayment penalty because the borrower has to pay a loan origination fee based on a

usurious interest rate, which fee is then wrapped back into the mortgage loan, all of which has an interest component required to be paid each month. Therefore, I would hold the "fully earned" language in N.C.G.S. § 24-10(g) does not apply to the consideration of whether an alleged wrong is complete when the fees are fully earned.

The majority also attempts to distinguish *Hollowell* and *Swindell* in determining why the loan origination fee in the instant case should not be considered interest, stating a borrower has an option to pay a loan origination fee whereas a late fee payment is *required.* Neither *Hollowell* nor *Swindell* was based on such a distinction. In fact, both cases clearly stated "[a]ny charges made against a borrower in excess of the lawful rate of interest, whether called fines, charges, dues or interest, are, in fact, interest and usurious." *Swindell* at 158, 409 S.E.2d at 895 (quoting *Hollowell v. Southern Bldg. & Loan Ass'n,* 120 N.C. 286, 287, 26 S.E. 781, 781 (1897)).

Finally, the majority attempts to distinguish *Haanebrink* and *Merritt* to establish that the two-year statute of limitations does not accrue on the date of each payment. However, as earlier stated, "the statute of limitations on the [double recovery penalty] begins to run upon **payment** of the usurious interest. The right of action . . . **accrues upon each payment** of usurious interest giving rise to a separate cause of action to recover the penalty[.]" *Haanebrink,* 47 N.C. App. at 648, 267 S.E.2d at 599 (emphasis added). The majority's claim that those two cases are distinguishable because they related to actual promissory notes, as opposed to an origination fee, relies on the premise that the fee was paid on the loan closing date. To adopt the majority's line of reasoning is to ignore several decades of legal precedent which establishes the statute of limitations for the double recovery remedy begins to run on the date of payment. *See, e.g. Id.* Such a perspective as put forth by the majority does not apply the Interest Statutes in the manner intended by the General Assembly so as to protect borrowers. As mandated by the legislature, "It is the paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws." N.C. Gen. Stat. § 24-2.1 (2003). " 'The entire subject of the rate of interest and penalties for usury rests in legislative discretion, and the courts have no power other than to interpret and execute the legislative will.' " *Swindell* at 156, 409 S.E.2d 892, 894 (quotation omitted).

For all the reasons stated herein, I believe the trial court erred in dismissing claims under N.C.G.S. § 24-1 *et seq.* based on the statute of

limitations as plaintiffs' right to recover accrued upon each payment. Therefore, the trial court's order granting defendants' motion to dismiss should be reversed. Because plaintiffs' unfair and deceptive trade practices (UDTP) claim under N.C. Gen. Stat. § 75-1.1 derives from the usury claim the UDTP claim should remain viable.